DECISION AND JUDGMENT ENTRY
{¶ 1} Todd A. Pence appeals the trial court's judgment convicting him of two counts of aggravated vehicular homicide, following no contest pleas. His appointed counsel advised this court that he has reviewed the record and can discern no meritorious claims for appeal. Accordingly, under Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, counsel has moved to withdraw. After independently reviewing the record, we agree with counsel's assessment that no meritorious claims exist upon which to predicate an appeal. Therefore, we grant counsel's request to withdraw, find this appeal is wholly frivolous under Anders,
and affirm the trial court's judgment.
 {¶ 2} In February of 2003, appellant pled no contest to two counts of aggravated vehicular homicide. The trial court subsequently sentenced appellant to two consecutive eight-year prison terms. Appellant filed a timely notice of appeal and appointed counsel later filed a motion to withdraw as counsel, notifying this court that he could discern no meritorious issues for appeal. Appointed counsel also filed an Anders
brief.
 {¶ 3} In Anders, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. Id. Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses. Id. Once these requirements have been satisfied, the appellate court must then fully examine the proceedings below to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} Here, appellant's appointed counsel satisfied the requirements set forth in Anders, and appellant has not filed a pro se brief. Accordingly, this court will examine appointed counsel's potential assignments of error and the entire record below to determine if this appeal lacks merit. Appointed counsel raises the following potential assignments of error: "FIRST ASSIGNMENT OF ERROR: The trial court erred when it imposed consecutive sentences on Mr. Pence. SECOND ASSIGNMENT OFERROR: The trial court erred in accepting Mr. Pence's guilty plea because it was not made voluntarily."
 I {¶ 5} In his first potential assignment of error, appointed counsel argues that the trial court erred by imposing consecutive sentences. However, appellant's counsel notes that the trial court followed the proper statutory procedure for imposing consecutive sentences. See R.C.2929.14. Counsel observes that the trial court found two R.C. 2929.14(E)(4) factors present that justified imposing consecutive sentences: (1) appellant was on parole when the criminal conduct occurred; and (2) the need to protect the public from future crime. Therefore, this argument lacks merit.
 II {¶ 6} In his second potential assignment of error, appellant's counsel asserts that the trial court erred by accepting appellant's guilty plea when he did not voluntarily enter the plea. However, appellant's counsel notes that the guilty plea hearing transcript reveals that the trial court completely complied with Crim.R. 11 and specifically asked appellant whether any promises or threats had induced him to plead guilty. Appellant's counsel asserts that "[n]othing in the record suggests that [appellant's] plea was anything other than voluntary." Our review of the plea hearing transcript reveals the same.
 {¶ 7} Accordingly, having reviewed appointed counsel's potential assignments of error and having independently discovered no meritorious issues for appeal, we grant counsel's motion to withdraw, find this appeal wholly frivolous, and affirm the trial court's judgment.
Judgment affirmed.
Evans, P.J. Kline, J., concur in Judgment and Opinion.