PENCE, APPELLANT, *v.* BUNTING, WARDEN, APPELLEE.

[Cite as *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026.]

(No. 2014–1352—Submitted February 3, 2015—Decided May 28, 2015.)

**Per Curiam.**

{¶ 1} We affirm the Third District Court of Appeals' dismissal of the petition of relator-appellant, Todd A. Pence, for a writ of habeas corpus because he failed to include all his commitment papers with his complaint and because his maximum sentence has not been served.

*Facts and procedural history*

{¶ 2} Pence is a state prisoner in custody serving several sentences for multiple felony convictions. In case No. 02 CR 121, Pence pleaded no contest and was found guilty of two first-degree-felony charges for aggravated vehicular homicide. In March 2003, he was sentenced to eight years in prison for each conviction, to be served consecutively to each other and to any other sentence he was serving. The maximum sentence for the two eight-year sentences expires on October 25, 2018. The court of appeals affirmed his convictions and sentences on direct appeal. *State v. Pence*, 4th Dist. Ross No. 03CA2719, 2003-Ohio-6943, 2003 WL 22977317. No further appeal was taken.

{¶ 3} When Pence was convicted of aggravated vehicular homicide, he was on parole from an indefinite sentence of 3 to 15 years for robbery in case No. 94 CR 265. His maximum sentence for the robbery offense expires on March 7, 2026.

{¶ 4} On April 29, 2014, Pence filed a petition for a writ of habeas corpus in the Third District Court of Appeals. He attached his judgment of conviction and sentencing entry for case No. 02 CR 121 to his complaint, but he failed to attach any documents from case No. 94 CR 265.

{¶ 5} Respondent-appellee, Jason Bunting, warden of the Marion Correctional Institution, filed a motion to dismiss, arguing that the habeas petition was procedurally defective and the claim was not cognizable in habeas corpus. The Third District granted the motion to dismiss, and Pence appealed.

*Analysis*

{¶ 6} The court of appeals properly dismissed Pence's complaint because he failed to attach all his commitment papers to his complaint in violation of R.C. 2725.04(D). Such a failure is fatal to a petition for habeas corpus. *State ex rel. McCuller v. Callahan,* 98 Ohio St.3d 307, 2003-Ohio-858, 784 N.E.2d 108, ¶ 4, citing *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.,* 95 Ohio St.3d 70, 71, 765 N.E.2d 356 (2002), *Malone v. Lane,* 96 Ohio St.3d 415, 2002-Ohio-4908, 775 N.E.2d 527, at ¶ 6, and *Chari v. Vore,* 91 Ohio St.3d 323, 328, 744 N.E.2d 763 (2001).

{¶ 7} Pence argues that he did not attach the journal entry for his robbery conviction because that commitment "had absolutely nothing to do" with his current cause of detention, i.e., the two convictions of aggravated vehicular homicide. However, as pointed out by Bunting, all commitment papers are necessary for a complete understanding of the petition. " ' "Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus." ' " *Haynes v. Voorhies,* 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 7, quoting *Marshall v. Lazaroff,* 77 Ohio St.3d 443, 444, 674 N.E.2d 1378 (1997), quoting *Swiger v. Seidner,* 74 Ohio St.3d 685, 687, 660 N.E.2d 1214 (1996).

{¶ 8} Here, Pence is incarcerated under several convictions. His sentences for aggravated vehicular homicide and robbery are to be served consecutively to each other. Thus, his ultimate sentence, including the sentence for robbery for which he did not include commitment papers, does not expire until March 7, 2026. The robbery sentence is clearly pertinent to his entitlement to a writ of habeas corpus, and the lack of those commitment papers is fatal.

{¶ 9} In addition, an inmate is not usually eligible for habeas relief until his maximum sentence has expired, *Morgan v. Ohio Adult Parole Auth.,* 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). Pence's maximum sentence is far from expiring. "Habeas corpus will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller v. Miller,* 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9, citing *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995), citing *State ex rel. Pirman v. Money,* 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994).

{¶ 10} Pence concedes that the court had subject-matter jurisdiction to hear a criminal case generally but argues that it lacked it "under the facts of [his criminal] case." He also concedes that jurisdictional errors are not cognizable in habeas corpus except "under the facts of this case." He asserts only that the

case involves the kind of "extraordinary circumstances" alluded to in *Pirman*. However, he does not discuss or explain what the extraordinary circumstances are in his case, and we decline to make his argument for him.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Todd A. Pence, pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.