[Cite as *State ex rel. Jackson v. Sloan*, 2015-Ohio-3220.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

STATE OF OHIO ex rel.                   :       **PER CURIAM OPINION**
THEODORE JACKSON,
                                        :
          Petitioner,                   :       **CASE NO.  2015-A-0028**
                                        :
     - vs -
                                        :
BRIGHAM SLOAN, WARDEN,
                                        :
          Respondent.

Original Action for Writ of Habeas Corpus.

Judgment:  Petition dismissed.

*Theodore Jackson*, pro se, PID# A590-406, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM

{¶1}   Pending before this court is the Petition for Habeas Corpus, filed by Theodore Jackson, a prisoner in the custody of respondent, Brigham Sloan, Warden of Lake Erie Correctional Institution, in Conneaut, Ohio.  For the reasons stated more fully below, judgment is entered in favor of Sloan.

**{¶2}** Jackson filed his Petition on May 26, 2015. Jackson seeks release from imprisonment on the grounds that his "maximum sentences have expired." In support, Jackson attached the following Journal Entries:

> February 17, 1978. *State v. Jackson*, Cuyahoga C.P. No. CR-78-036641-ZA: finding Jackson guilty of Receiving Stolen Property and sentencing him "for a minimum of one (1) year and maximum of five (5) years * * * to run concurrently with Case CR-36620."
>
> February 17, 1978. *State v. Jackson*, Cuyahoga C.P. No. CR-77-036620-B: finding Jackson guilty of Aggravated Robbery and sentencing him "for a term of a minimum of four (4) years and maximum of twenty-five (25) years."
>
> January 7, 1988. *State v. Jackson*, Cuyahoga C.P. No. CR-87-222201-ZA: finding Jackson guilty of Receiving Stolen Property (Motor Vehicle) with Specification and sentencing him "for a term of two (2) to ten (10) years."
>
> July 9, 2010. *State v. Jackson*, Cuyahoga C.P. No. CR-09-527856-A: finding Jackson in violation of community control sanctions (Escape) and sentencing him "for a term of 1 year(s)."

**{¶3}** On June 19, 2015, Sloan filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. Sloan contends that Jackson's expiration of sentence date is August 27, 2039. In support, Sloan attached a memorandum from the Ohio Department of Rehabilitation and Correction, calculating Jackson's maximum expiration of sentence as August 27, 2039.

**{¶4}** In relevant part, Jackson began serving his four to twenty-five year sentence in Case No. CR-77-036620-B on February 27, 1978, with 71 days of jail credit. He was furloughed on May 27, 1980, and paroled on July 1, 1980. On February 25, 1981, Jackson was returned to prison as a parole violator.

**{¶5}** Jackson's return to prison in 1981 involved new charges, not identified in the Petition for Habeas Corpus. In *State v. Jackson*, Cuyahoga C.P. No. CR-81-

2

162099-ZA, Jackson was found guilty of Aggravated Robbery following a jury trial. In a Journal Entry dated June 18, 1981, Jackson was sentenced "for a term of seven (7) years to twenty-five (25) years, to run consecutive to Parole Violation." At this point, Jackson was serving a maximum fifty-year prison sentence based on the sentences in Case Nos. CR-77-036620-B and CR-81-162099-ZA.

**{¶6}** Jackson was again paroled on September 10, 1986.

**{¶7}** Jackson was again returned to prison on January 14, 1988, as a parole violator and based on new charges arising out of Case No. CR-87-222201-ZA. Jackson's conviction for Receiving Stolen Property added ten years to his maximum prison sentence, for an aggregate term of sixty years.

**{¶8}** Jackson was subsequently paroled and returned to prison as a parole violator and for new charges on several occasions. These subsequent charges, however, did not have the effect of extending his maximum sentence. See *State v. Jackson*, Cuyahoga C.P. No. CR-92-276081-ZA, sentencing Jackson for Robbery to a "term of eight (8) years to fifteen (15) years with eight (8) years actual time," on March 12, 1992.

**{¶9}** Based on Jackson's sixty-year maximum sentence plus additional "lost time" for the times he "was at large on parole," his expiration of maximum sentence is calculated as August 27, 2039.

**{¶10}** Sloan raised additional arguments in his Motion to Dismiss based on res judicata/successive habeas petitions and the availability of an adequate remedy in the ordinary course of law.

3

{¶11} On June 25, 2015, Jackson filed a Petitioner's Objection to Warden's Return of Writ. Jackson contends that his expiration of maximum sentence is February 25, 2015, based on a thirty-five year maximum sentence plus lost time. Jackson further contends that the seven to twenty-five year sentence he received in Case No. CR-81-162099-ZA "is void on its face by not being signed by a judge[;] no sentence has ever been journalized." In support, Jackson attached an unsigned, but journalized entry of sentence in Case No. CR-81-162099-ZA.

{¶12} "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." R.C. 2725.05.

{¶13} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

4

{¶14} Jackson's Petition is subject to dismissal for his failure to attach all commitment papers, as required by R.C. 2725.04(D) ("[a] copy of the commitment or cause of detention of such person shall be exhibited * * *; or, if the imprisonment or detention is without legal authority, such fact must appear"). *Al'Shahid v. Cook*, __ Ohio St.3d __, 2015-Ohio-2079, __ N.E.2d __, ¶ 8 (cases cited). For this reason, we dismiss the Petition. *Pence v. Bunting*, __ Ohio St.3d __, 2015-Ohio-2026, __ N.E.2d __, ¶ 6 (cases cited).

{¶15} Were this court inclined to consider the merits of Jackson's Petition, Sloan has demonstrated that he is entitled to judgment as a matter of law. The sole disputed issue with respect to Jackson's incarceration is the validity of the June 18, 1981 Journal Entry in Case No. CR-81-162099-ZA. Contrary to Jackson's contention, the sentencing Entry is duly journalized in the trial court's docket. Jackson cites no authority, nor is this court aware of any, for the proposition that a judgment is "void on its face" for not being signed by a judge. On the contrary, the Ohio Supreme Court has held that "such errors are not of the nature which are cognizable in a habeas corpus proceeding." *Dean v. Maxwell*, 174 Ohio St. 193, 198, 187 N.E.2d 884 (1963).

{¶16} As Jackson's Petition is fatally defective due to his failure to attach all relevant commitment papers, it is, accordingly, dismissed.

{¶17} Any other pending Motions, including Jackson's Motion to Amend Certificate of Service filed on June 22, 2015, Motion for Judicial Notice filed on July 6, 2015, and Motion to Find Respondent Counsel in Contempt for False Statements in Return of Writ filed on July 10, 2015, are hereby overruled as moot.

{¶18} With respect to Jackson's Motion for Court of Appeals to Inspect the Record, filed on July 27, 2015, the number of pages and attachments for all the documents cited therein has been verified.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., concur.