[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jackson v. Sloan,* Slip Opinion No. 2016-Ohio-5106.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5106

THE STATE EX REL. JACKSON, APPELLANT, *v.* SLOAN, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jackson v. Sloan,* Slip Opinion No. 2016-Ohio-5106.]

*Habeas corpus—Failure to attach all required commitment papers—Court of appeals' dismissal of petition affirmed.*

(No. 2015-1477—Submitted March 8, 2016—Decided July 27, 2016.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2015-A-0028, 2015-Ohio-3220.

_____

**Per Curiam.**

{¶ 1} Appellant, Theodore Jackson, appeals from the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus. Because he failed to file all required commitment papers contemporaneously with his habeas petition, we affirm.

***Relevant Background***

{¶ 2} Jackson is currently incarcerated at the Lake Erie Correctional Institution serving several sentences for multiple felony convictions in Cuyahoga County. In 1978, he entered guilty pleas in two separate cases: in one case, he was sentenced to an indefinite prison term of one to five years for one count of receiving stolen property, a fourth-degree felony; in the other case, he was sentenced to a concurrent, indefinite term of 4 to 25 years for one count of aggravated robbery, a first-degree felony. He was granted parole from these sentences on July 1, 1980.

{¶ 3} In 1981, while on parole from his earlier offenses, Jackson was convicted of a new aggravated-robbery offense. He failed to attach the judgment entry of conviction from that case to his habeas petition, but the court of appeals in this case noted that "[i]n a Journal Entry dated June 18, 1981, Jackson was sentenced 'for a term of seven (7) years to twenty-five (25) years, to run consecutive to Parole Violation.' " 2015-Ohio-3220, ¶ 5. The court observed that "[a]t this point, Jackson was serving a maximum fifty-year prison sentence." *Id.*

{¶ 4} Jackson was paroled again on September 10, 1986. However, he was charged in 1987 with new offenses and was sentenced to a prison term of two to ten years. The sentence imposed in that case "added ten years to his maximum prison sentence, for an aggregate [maximum] term of sixty years." *Id*. at ¶ 7. His maximum 60-year sentence "plus additional 'lost time' for the times he 'was at large on parole,' " expires on August 27, 2039. *Id.* at ¶ 9, quoting a memorandum prepared by the Bureau of Sentence Computation in 2011 detailing Jackson's history of convictions and sentences.

{¶ 5} In May 2015, Jackson filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals, arguing that his maximum sentence has expired and that he is entitled to immediate release. Specifically, one of his claims is that the judgment of conviction entered in his 1981 case is "void on its face" because it does not contain the signature of the judge. He attached to his petition

the judgment entries of conviction for four of his criminal cases, but he failed to attach the 1981 judgment entry that he claims is void.

{¶ 6} Appellee, Warden Brigham Sloan, filed a motion to dismiss, arguing that Jackson's petition is successive, is barred by res judicata, and is foreclosed because Jackson had an adequate remedy in the ordinary course of the law to pursue his claim. Sloan also argued that Jackson failed to state a claim upon which relief could be granted, because his sentence does not expire until August 27, 2039, and he is not entitled to immediate release. The court of appeals granted the motion to dismiss, and Jackson appealed.

*Analysis*

{¶ 7} The court of appeals properly dismissed Jackson's petition because he failed to attach all his commitment papers to it, a procedural deficiency that is fatal to a petition for a writ of habeas corpus. R.C. 2725.04(D); *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 6. "[A]ll commitment papers are necessary for a complete understanding of the petition." *Id.* at ¶ 7. Most importantly, Jackson failed to attach the one judgment entry that is at the center of his argument that his aggregate sentence has expired. Thus, the court of appeals correctly dismissed the petition on this basis.

{¶ 8} Jackson included the 1981 judgment entry in a supplement to his merit brief, which he filed in this court on October 14, 2015. However, his belated filing of the 1981 judgment entry of conviction does not cure his failure to attach it to his petition for a writ of habeas corpus. *Boyd v. Money*, 82 Ohio St.3d 388, 389, 696 N.E.2d 568 (1998) ("Boyd's attachment of the purported cause of his commitment to his postjudgment motion did not cure the defect"). In addition, even if the trial judge did not sign the 1981 judgment entry of conviction, it was properly journalized on the trial court's criminal docket. *See Oney v. Allen*, 39 Ohio St.3d 103, 107, 529 N.E.2d 471 (1988) ("It is axiomatic that a court speaks through its docket and journals").

**{¶ 9}** Jackson challenges the validity of the 1981 judgment, but he does not challenge the *jurisdiction* of the Cuyahoga County Court of Common Pleas to sentence him in that case. And "[h]abeas corpus will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9. Thus, he has not stated a claim cognizable in habeas corpus.

**{¶ 10}** In addition, Jackson has or had alternative remedies at law to raise his claim regarding the validity of the trial court's journal entry in his 1981 case, and he has pursued those remedies. As Sloan points out, Jackson has repeatedly raised this claim in multiple proceedings before this court. And Jackson previously filed an unsuccessful petition for a writ of habeas corpus in the Third District Court of Appeals, raising some of the same issues he asserts in this case. Accordingly, even if his petition in this case were not procedurally deficient, it merely recasts the same claims that he has repeatedly raised in many unsuccessful appellate, postconviction, and extraordinary-writ actions. Res judicata precludes a petitioner from using habeas corpus to gain successive appellate review of the same issues. *State ex rel. Harsh v. Sheets*, 132 Ohio St.3d 198, 2012-Ohio-2368, 970 N.E.2d 926, ¶ 1.

**{¶ 11}** For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Theodore Jackson, pro se.

Michael DeWine, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____