[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nichols v. Eppinger,* Slip Opinion No. 2016-Ohio-7367.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7367

THE STATE EX REL. NICHOLS, APPELLANT, *v.* EPPINGER, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nichols v. Eppinger,* Slip Opinion No. 2016-Ohio-7367.]

*Habeas corpus—Petition fails to allege defect in sentencing court's subject-matter jurisdiction—Court of appeals' judgment affirming dismissal of petition affirmed.*

(No. 2015-1969—Submitted July 12, 2016—Decided October 19, 2016.)

APPEAL from the Court of Appeals for Lorain County, No. 15CA010807.

_____

**Per Curiam.**

{¶ 1} We affirm the Ninth District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by appellant, BreShaun Nichols. That court correctly held that Nichols did not allege a defect in the subject-matter jurisdiction of the sentencing court. Moreover, because Nichols was convicted of attempted murder, not attempted felony murder, his petition also fails on the merits.

**{¶ 2}** Nichols is currently incarcerated in the Grafton Correctional Institution. In 2009, a jury found him guilty of attempted murder and several other offenses, including aggravated robbery. The trial court sentenced him to a ten-year prison term for attempted murder and ordered that sentence to be served consecutively with the sentences for his other convictions. Nichols appealed his convictions, and the court of appeals affirmed. *State v. Nichols*, 9th Dist. Summit No. 24900, 2010-Ohio-5737. Nichols then filed a petition for postconviction relief. The court of common pleas dismissed the petition, and the court of appeals affirmed the dismissal. *State v. Nichols*, 9th Dist. Summit No. 26923, 2014-Ohio-102.

**{¶ 3}** Nichols now in this habeas corpus case argues for the first time that he was convicted of attempted felony murder and that because we determined in *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, that attempted felony murder is not a crime in Ohio, the trial court lacked subject-matter jurisdiction to convict him of that offense.

**{¶ 4}** The court of appeals correctly dismissed Nichols's petition because, as it recognized in its opinion, we "treated the issue in *Nolan* as one of error that could be voided on appeal rather than one of subject matter jurisdiction that resulted in a void judgment." In other words, we held in *Nolan* not that the trial court lacked jurisdiction but that it had erred in exercising its jurisdiction. *See Nolan* at ¶ 3 and 10 (affirming court of appeals' judgment remanding cause to trial court for further proceedings). Because the trial court had jurisdiction over Nichols's criminal case, and because Nichols has not served his maximum term of imprisonment, habeas relief is unavailable. *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 9.

**{¶ 5}** Moreover, even if we were to reach the substance of Nichols's argument, it is without merit. In *Nolan*, we noted that a person cannot commit an attempt offense unless he or she has acted purposely or knowingly. *Id.* at ¶ 7. On the other hand, we observed, the felony-murder statute imposes strict liability;

2

intent to kill need not be proven to obtain a conviction for felony murder. *Id.* at ¶ 9, citing R.C. 2903.02(B). We therefore concluded in *Nolan* that a person cannot be guilty of attempting to cause an unintended death. *Id.* at ¶ 10.

{¶ 6} Count 3 of Nichols's indictment alleged that he

did commit the crime of **ATTEMPTED MURDER** in that he did purposely attempt to cause the death of [the victim], and/or did purposely attempt to cause the death of [the victim] as a proximate result of [Nichols] committing or attempting to commit Aggravated Robbery or Robbery, an offense of violence that is a felony of the first or second degree, and did engage in conduct that, if successful, would constitute or result in Murder, in violation of Section 2903.02(A)/(B)/2923.02 of the Revised Code.

(Boldface and capitalization sic.) The jury ultimately found Nichols "GUILTY of ATTEMPTED MURDER, as contained in Count 3 of the Indictment." (Capitalization sic.) Thus, Nichols was convicted of attempt to commit murder in violation of R.C. 2903.02(A) "and/or" attempt to commit felony murder in violation of R.C. 2903.02(B).

{¶ 7} According to the Ninth District's decision on direct appeal, however, at Nichols's trial, the victim testified that Nichols placed a gun to the back of the victim's head and pulled the trigger and that the gun had either run out of bullets or misfired. *State v. Nichols*, 9th Dist. Summit No. 24900, 2010-Ohio-5737, at ¶ 55. Therefore, there is no "intent" issue here as there was in *Nolan*—Nichols intended to kill his victim by putting a gun to his head and pulling the trigger. Nichols cannot argue that his conviction for attempted murder is void under *Nolan*, because he clearly had the intent to murder the victim. He therefore committed—and was convicted of—attempted murder.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

BreShaun Nichols, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____