[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Springfield v. State,* **Slip Opinion No. 2017-Ohio-8954.**]

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8954

THE CITY OF SPRINGFIELD, APPELLANT, *v*. THE STATE OF OHIO, APPELLEE.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Springfield v. State,* Slip Opinion No. 2017-Ohio-8954.**]

*Court of appeals' judgment vacated and cause remanded for application of* Dayton v. State.

(No. 2016-0461—Submitted November 21, 2017—Decided December 13, 2017.)

APPEAL from the Court of Appeals for Clark County, No. 2015-CA-77, 2016-Ohio-725.

_____

{¶ 1} The judgment of the court of appeals is vacated, and the cause is remanded to the trial court for application of *Dayton v. State*, ___ Ohio St.3d ___, 2017-Ohio-6909, __ N.E.3d ___.

O'CONNOR, C.J., and KLATT, FRENCH, and FISCHER, JJ., concur.

KENNEDY, J., dissents.

DEWINE, J., dissents, with an opinion joined by O'NEILL, J.

WILLIAM A. KLATT, J., of the Tenth Appellate District, sitting for O'DONNELL, J.

_____

**DEWINE, J., dissenting.**

{¶ 2} I dissent from the majority's decision to vacate the decision of the court of appeals and remand this case to the trial court to apply this court's holding in *Dayton v. State*, ___ Ohio St.3d ____, 2017-Ohio-6909, ___ N.E.3d _____. The only majority holding in *Dayton* is that R.C. 4511.093(B)(1), 4511.095, and 4511.0912 are unconstitutional; the majority was fractured as to the reasoning behind the holding, with no position garnering support from four justices. *Id.* at ¶ 46 (French, J., concurring). It is difficult to see how *Dayton*, a case with a bare holding but without an agreed-upon rationale, could provide any valuable direction to a lower court forced to reconsider holdings it had already made about statutes *Dayton* never addressed.

{¶ 3} In the proceeding below, Springfield asked for a declaratory judgment that 2014 Am.Sub.S.B. No. 342 ("S.B. 342") is unconstitutional. The trial court rejected that challenge, and the court of appeals concluded that the enactment is "constitutional in its entirety." 2016-Ohio-725, 60 N.E.3d 649, ¶ 34.

{¶ 4} Our decision in *Dayton* requires that the decision below be reversed as to two specific provisions of S.B. 342 that were held unconstitutional in that case: R.C. 4511.093(B)(1), which requires a law-enforcement officer to be present when a traffic camera is in use, and R.C. 4511.095, which requires a safety study and public-information measures before implementation of a traffic camera. (The third provision found unconstitutional in *Dayton*, R.C. 4511.0912, which allows a speeding ticket to be issued only when a driver exceeds the speed limit by more than six miles per hour in a school zone or park and by ten miles per hour elsewhere, is not squarely at issue; the court of appeals held that Springfield lacked standing

to raise challenges to provisions relating to speed cameras because it used only red-light cameras. 2016-Ohio-725, 60 N.E.3d 649, at ¶ 23.)

{¶ 5} But what about the rest of the statutes contained in S.B. 342? The lack of a majority view means that there is no guidance to be gleaned from *Dayton*—the decision adds nothing but more confusion to our general-law jurisprudence. The trial court is directed to address the rest of Springfield's constitutional challenge, but this court has given the trial court no tools to apply in revisiting the issues it has already decided. The trial court is in no better position now than when it first heard the case to determine the constitutionality of the provisions that were not addressed by this court in *Dayton*.

{¶ 6} Ohio's municipalities now wait to learn whether they must comply with the provisions of S.B. 342 that this court did not address in *Dayton*. All this remand gives them is a longer wait.

{¶ 7} We should lift the stay on briefing in this case and address the open issues. We accepted the appeal and should decide the case.

O'NEILL, J., concurs in the foregoing opinion.

_____

Jerome M. Strozdas, Springfield Law Director, for appellant.

Michael DeWine, Attorney General, and Halli Brownfield Watson and Tiffany L. Carwile, Assistant Attorneys General, for appellee.

Adam W. Loukx, Toledo Director of Law, and Joseph V. McNamara, Assistant Director of Law, urging reversal for amicus curiae city of Toledo.

Frost Brown Todd, L.L.C., Philip K. Hartmann, and Yazan S. Ashrawi, urging reversal for amici curiae Ohio Municipal League and the city of Dayton.

_____