[Cite as *State v. Charles*, 2020-Ohio-5558.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 20CA011608 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON CHARLES | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 04CR066543 |

DECISION AND JOURNAL ENTRY

Dated: December 7, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, Jason Charles, appeals an order of the Lorain County Court of Common Pleas that denied his "Motion to Vacate The Attempt[ed] Murder Convictions[.]" This Court affirms.

I.

{¶2} In 2009, Mr. Charles pleaded guilty to two counts of murder, one count of attempted aggravated murder, two counts of attempted felony murder, two counts of felonious assault, and one count each of having a weapon while under disability and tampering with evidence, respectively. The trial court sentenced him to a prison sentence of fifteen years to life for one of the murder counts and three years for an accompanying firearm specification. The trial court determined that several of the other charges and accompanying specifications merged with the murder charge for purposes of sentencing and ordered other prison terms to be served concurrently. The trial court concluded that the two counts of attempted felony murder were lesser included

offenses with respect to the murder charge on which Mr. Charles was sentenced and, therefore, the trial court imposed no sentence for those counts. Mr. Charles did not file a direct appeal.

{¶3} On December 16, 2019, Mr. Charles filed a "Motion to Vacate the Attempt[ed] Murder Convictions[,]" arguing that because the Ohio Supreme Court concluded that attempted felony murder is not a cognizable crime in Ohio in *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, his convictions for those counts must be vacated and his guilty plea must be vacated in its entirety. The trial court denied Mr. Charles' motion, and he filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED ERROR WHEN IT FAILED TO GRANT THE DEFENDANT-APPELLANT CHARLES' MOTION TO VACATE HIS ATTEMPTED FELONY MURDER CONVICTIONS (3) AND GUILTY PLEAS RELATED TO THOSE OFFENSES WHEREAS PURSUANT TO *NOLAN*, ATTEMPTED FELONY MURDER [R.C.] 2903.02(B) IS NO LONGER A COGNIZABLE CRIME IN OHIO[.]

{¶4} In his sole assignment of error, Mr. Charles has argued that the trial court erred by denying his motion to vacate because he pleaded guilty to two counts of attempted felony murder.[1]

{¶5} This Court must first consider the nature of the motion at issue in this appeal. R.C. 2953.21(A)(1)(a) provides:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

---

[1] Mr. Charles' brief references three counts of attempted felony murder, but this Court can discern only two from the record. In this respect, we note that Mr. Charles' brief appears to have been modified from a brief prepared in a different case.

**{¶6}** This Court may construe an irregular motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence," may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated. *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); R.C. 2953.21(A)(1)(a). Because a defendant can file a petition for postconviction relief without pursuing a direct appeal, "[i]t follows that when a motion claims a denial of constitutional rights, seeks recognition that the judgment is void, and requests that the judgment and sentence be vacated, the motion may be construed as a petition for postconviction relief regardless of whether the defendant pursued a direct appeal." *State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 7. Mr. Charles' motion is properly characterized as a petition for postconviction relief.

**{¶7}** R.C. 2953.21(A)(2)[2] provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. Mr. Charles' sentencing entry was dated February 2, 2009, but he filed his petition on December 16, 2019, well after the deadline passed. "R.C. 2953.23(A) permits a prisoner to file an untimely * * * petition for

---

[2] Mr. Charles filed his petition on December 16, 2019, so the current versions of the postconviction statutes apply in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute.").

postconviction relief only under specific, limited circumstances." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 22.

{¶8}   Mr. Charles' petition did not address the statutory circumstances that would permit consideration of an untimely petition.  *See generally* R.C. 2953.23(A)(1)(a)/(b).  Instead, by arguing that his convictions must be vacated, Mr. Charles appears to suggest that the Supreme Court's holding in *Nolan* rendered them void.  *See generally State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 18 ("A defendant's ability to challenge an entry at any time is the very essence of an entry being void, not voidable.").  Specifically, Mr. Charles directs this Court's attention to *State v. Bozek*, 11th Dist. Portage No. 2015–P–0018, 2016-Ohio-1305.  In *Bozek*, the Eleventh District Court of Appeals concluded that the defendant's petition for postconviction relief was not time barred because *Nolan* rendered his convictions void.  *Id*. at ¶ 20-22.  In so doing, the Eleventh District Court of Appeals recognized that the trial court "had subject matter jurisdiction over the case[,]" but concluded, nonetheless, that "the trial court lacked authority to sentence [the defendant]."  *Id*. at ¶ 21.

{¶9}   The Supreme Court of Ohio, however, has rejected the conclusion reached in *Bozek*. *See State ex rel. Nichols v. Eppinger*, 147 Ohio St.3d 349, 2016-Ohio-7367.  In that case, the appellant petitioned this Court for a writ of habeas corpus, arguing that the sentencing court lacked subject matter jurisdiction based on the holding of *Nolan*.  *See id.* at ¶ 3.  The Ohio Supreme Court affirmed this Court's judgment that dismissed the petition:

> The court of appeals correctly dismissed Nichols's petition because, as it recognized in its opinion, we "treated the issue in *Nolan* as one of error that could be voided on appeal rather than one of subject matter jurisdiction that resulted in a void judgment."  In other words, *we held in Nolan not that the trial court lacked jurisdiction but that it had erred in exercising its jurisdiction*.

(Emphasis added.)  *Id.* at ¶ 4.  *See generally State v. Henderson*, Slip Opinion No. 2020-Ohio-4784, ¶ 35, 37; *Harper* at ¶ 25-26 (noting that when courts of common pleas have subject matter jurisdiction, decisions that arise thereafter consist of the exercise of that jurisdiction.).

{¶10}  The trial court had subject matter jurisdiction over Mr. Charles' criminal case, and any errors resulting from the exercise of that jurisdiction rendered the judgment voidable, not void.  *See Nichols* at ¶ 4.  *See generally Harper* at ¶ 25-26; *Henderson* at ¶ 35, 37.  Mr. Charles cannot overcome the time limitations of R.C. 2953.21(A)(2) on this basis, so the trial court could not consider his untimely petition for postconviction relief.[3]

{¶11}  Mr. Charles' assignment of error is overruled.

III.

{¶12}  Mr. Charles' assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

---

[3] The basis for Mr. Charles' arguments appears to be postconviction relief, but he also suggests that the trial court should have permitted him to withdraw his guilty plea in its entirety. Regardless, this Court's decision would be the same. *See State v. Stevens*, 9th Dist. Summit No. 29131, 2019-Ohio-2818, ¶ 8-9 (describing the application of res judicata to successive motions filed under Crim.R. 32.1).

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶13} I would decide this appeal solely on the basis that Mr. Charles was not prejudiced.

APPEARANCES:

JASON CHARLES, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.