[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Sheldon*, Slip Opinion No. 2022-Ohio-2789.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2789

THE STATE EX REL. DAVIS, APPELLANT, *v.* SHELDON, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Sheldon*, Slip Opinion No. 2022-Ohio-2789.]

*Habeas corpus—Appellant not entitled to writ because he failed to attach all sentencing records to his petition—Court of appeals' judgment dismissing petition affirmed.*

(No. 2021-0995—Submitted March 29, 2022—Decided August 16, 2022.)

APPEAL from the Court of Appeals for Allen County, No. 1-21-007.

_____

**Per Curiam.**

{¶ 1} Appellant, Anthony S. Davis, an inmate at the Allen-Oakwood Correctional Institution, appeals the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, Warden Ed Sheldon. For the reasons set forth herein, we affirm.

## I. Allegations in the petition

{¶ 2} In March 2021, Davis filed a petition for a writ of habeas corpus in the Third District. He attached six criminal-sentencing entries as exhibits to the petition:

- Exhibit A shows that in January 1977, Davis was convicted of aggravated robbery and sentenced to a prison term of 4 to 25 years. Franklin C.P. No. 77CR-03-665(B) (Jan. 3, 1977);

- Exhibit B shows that in October 1989, Davis was convicted of aggravated burglary and possession of criminal tools and sentenced to a prison term of 5 to 25 years. Morrow C.P. No. 1989 CR 3133 (Oct. 23, 1989);

- Exhibit G shows that in September 1985, Davis was convicted of theft and sentenced to a prison term of 18 months. Franklin C.P. No. 84CR-10-2963 (Sept. 24, 1985);

- Exhibit I shows that in January 1987, Davis was convicted of breaking and entering and sentenced to a prison term of one year. Guernsey C.P. No. 86-C-101 (Jan. 16, 1987);

- Exhibit E shows that in October 1996, Davis was convicted of breaking and entering, grand theft, and possession of criminal tools and sentenced to an aggregate prison term of 60 months. Ashland C.P. No. 96-CR-07386 (Oct. 1, 1996); and

- Exhibit F shows that in September 2001, Davis was convicted of forgery and failure to appear and sentenced to an aggregate prison term of ten months. Richland C.P. No. 00-CR-654-H (Sept. 28, 2001).

Along with these six sentencing entries, Davis attached a sentencing entry for a defendant named Roscoe W. Farrar in *State v. Farrar*, Franklin C.P. No. 85CR 1523 (Oct. 23, 1985). The reason he included this entry is explained below.

{¶ 3} Davis alleges that he has served his entire prison sentence. However, the Ohio Department of Rehabilitation and Correction ("DRC") claims that his

maximum sentence will not expire until November 2032. According to Davis, DRC reached this conclusion by unlawfully running his 25-year sentence in Franklin C.P. No. 77CR-03-665(B) (Exhibit A) and his 25-year sentence in Morrow C.P. No. 1989 CR 3133 (Exhibit B) consecutively, rather than concurrently.

{¶ 4} Davis also attached to his petition a letter from DRC purporting to calculate his sentence. In that letter, DRC identified the following eight additional convictions for Davis between 2003 and 2006 that resulted in prison sentences: (1) burglary, breaking and entering, and possession of criminal tools (Franklin C.P. No. 03CR6521 (Feb. 9, 2005)), (2) breaking and entering (Champaign C.P. No. 2004CR100 (Oct. 4, 2005)), (3) breaking and entering (Richland C.P. No. 04CR10 (Nov. 17, 2005)), (4) possession of drugs (Franklin C.P. No. 04CR1078 (Apr. 12, 2006)), (5) receiving stolen property (Franklin C.P. No. 03CR7578 (Apr. 12, 2006)), (6) breaking and entering (Franklin C.P. No. 04CR331 (Apr. 12. 2006)), (7) theft (Franklin C.P. No. 03CR6522 (Apr. 12, 2006)), and (8) engaging in corrupt activities (Franklin C.P. No. 04CR3849 (Apr. 12, 2006)). According to the DRC letter, Davis has been released on parole at least six times over the years.

{¶ 5} The court of appeals dismissed Davis's habeas corpus petition for failure to comply with R.C. 2725.04(D),[1] which requires a habeas petition to contain "a copy of the commitment or cause of detention." 3d Dist. Allen No. 1-21-007 (July 13, 2021). According to the court of appeals,

> [t]he petition and attachments reference many criminal sentences
> beyond the six sentencing judgments that are attached. Furthermore,

---

1. The court of appeals erroneously cited R.C. 2725.05(D) instead of R.C. 2725.04(D) as the source of the commitment-papers requirement. Davis calls this a factual and a legal error because R.C. 2725.05(D) does not exist. However, the citation in the court of appeals' judgment entry was a typographical error, and we will not reverse a correct judgment "merely because erroneous reasons were given for it," *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 10.

the petition and attachments reference many instances when [Davis] was granted parole, reoffended, and his parole was revoked, but no parole records are attached.

*Id.* at 3. Davis timely appealed.

## II. Legal analysis

{¶ 6} We review de novo a court of appeals' dismissal of a habeas corpus petition. *State ex rel. Hunley v. Wainwright*, 163 Ohio St.3d 301, 2021-Ohio-803, 170 N.E.3d 16, ¶ 9.

{¶ 7} When filing a petition for a writ of habeas corpus, a person must generally provide "[a] copy of the commitment or cause of detention of such person." R.C. 2725.04(D). To comply with this rule, a petitioner must attach all pertinent papers regarding his commitment, including sentencing entries and parole-revocation decisions. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 6. A petition that fails to comply with this requirement is defective and must be dismissed. *Farley v. Wainwright*, 164 Ohio St.3d 441, 2021-Ohio-670, 173 N.E.3d 468, ¶ 6.

{¶ 8} The court of appeals properly found that Davis did not attach all his commitment papers to his petition. Davis concedes that he did not attach sentencing entries for the eight convictions between 2003 and 2006 that were mentioned in the DRC letter. He also omitted a sentencing entry showing that he was convicted of forgery in Franklin C.P. No. 85CR 1532 (Sept. 24, 1985) and sentenced to a prison term of 18 months, which was to be served concurrently with his sentence in Franklin C.P. No. 84CR-10-2963 (Exhibit G). However, in the sentencing entry for the latter case, the trial court inadvertently transposed the last two digits of case No. 85CR 1532, effectively, ordering Davis's sentence to be served concurrently with the sentence in case No. 85CR 1523, which is the Roscoe

Farrar case. Davis's habeas petition did not include the sentencing entry for case No. 85CR 1532.

{¶ 9} Davis argues that those convictions are irrelevant for purposes of calculating his maximum sentence. However, " '*all* commitment papers are necessary for a complete understanding of the petition.' " (Emphasis added). *State ex rel. Jackson v. Sloan*, 150 Ohio St.3d 14, 2016-Ohio-5106, 78 N.E.3d 822, ¶ 7, quoting *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 7. The fact that two sentences are to be served consecutively does not excuse the omission of either sentencing entry from being attached to the petition. *See Evans v. Pickney*, 8th Dist. Cuyahoga No. 108410, 2019-Ohio-2447, ¶ 13 (dismissing habeas petition because all sentencing entries are required for "a complete understanding of the [habeas] case," even when the missing entries imposed concurrent sentences).

### III. Conclusion

{¶ 10} Davis failed to attach all sentencing records to his petition for a writ of habeas corpus. The Third District therefore properly dismissed the petition, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Anthony S. Davis, pro se.

Dave Yost, Attorney General, and Lisa K. Browning, Assistant Attorney General, for appellee.

————————————