[Cite as *California ex rel. Dunston v. Ohio Dept. of Corr.*, 2022-Ohio-3676.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CALIFORNIA EX: RELATOR KEVIN
DUNSTON (CDCR),                           :

    Relator,                          :

    v.                                :               No. 111426

OHIO DEPT. OF CORRECTIONS/               :
ADULT PAROLE AUTHORITY,
                                      :
    Respondents.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**RELEASED AND JOURNALIZED:** October 7, 2022

---

Writ of Habeas Corpus
Motion No. 556897
Order No. 558165

---

*Appearances:*

Kevin Dunston, *pro se*.

David Yost, Ohio Attorney General, and M. Scott Criss,
Assistant Attorney General, *for respondents*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} On April 7, 2022, the petitioner, Kevin Dunston, commenced this habeas corpus action against the respondents, the Ohio Department of

Rehabilitation and Correction and The Adult Parole Authority. The gravamen of the petition appears to be that he seeks the removal of a detainer from an old conviction so that he could be released earlier from a California prison. On July 27, 2022, the respondents, through the Ohio Attorney General, moved to dismiss. Dunston never filed a response. For the following reasons, this court grants the motion to dismiss and dismisses the petition for a writ of habeas corpus.

{¶ 2} As gleaned from Dunston's filing, in *State v. Dunston*, Cuyahoga C.P. No. CR-04-454560, Dunston pled guilty to drug possession, a fifth-degree felony, and the trial court sentenced him to six months in prison. Dunston served his sentence and was released on postrelease control. He apparently violated postrelease control, and Ohio placed a detainer on him, warrant #LAECI473887. In December 2018, Dunston was convicted of robbery in California and sentenced to five years. He now complains that the detainer is preventing him from receiving a higher rate of good time and placement in special camps, like a culinary camp. He alleges that he has sought to have the detainer dismissed, but to no avail. He now brings this habeas corpus petition to have the detainer dismissed. *Dunston v. Cuyahoga Cty. Court,* 8th Dist. Cuyahoga No. 110712, 2021-Ohio-4127.

{¶ 3} Dunston's petition is fatally defective. R.C. 2725.04(D) requires a copy of the commitment or cause of detention. The Supreme Court of Ohio in *State ex rel. Davis v. Sheldon*, Slip Opinion No. 2022-Ohio-2789, has held that all commitment papers are necessary for a complete understanding of the petition and that sentencing entries and parole-revocation decisions are commitment papers.

Dunston has attached papers, including a copy of the warrant detainer, correspondence between California and Ohio, and the decision of the California prison regarding the denial of higher good time rates and admission to special camps, but he did not include the sentencing entries for his Ohio convictions, the California robbery conviction, or the cause of the detainer.

{¶ 4} R.C. 2725.04 further requires the petition to be verified. In *Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001), the Supreme Court of Ohio ruled, "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *." *Id.* at 327. The Supreme Court of Ohio then reversed the decision of the court of appeals granting the writ and awarding relief and held that the cause should have been summarily dismissed because the petition was procedurally defective. Dunston's attachments are signed under penalty of perjury, but they are not notarized. Thus, they are insufficient under Ohio law.

{¶ 5} Dunston has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court, including the case number and parties. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 696 N.E.2d 594 (1998), and *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 685 N.E.2d 1242 (1997). Relator also did not comply with R.C. 2969.25(C),

which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the petition, deny indigency status, and assess costs against the petitioner. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 724 N.E.2d 420 (2000); and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378 — the defect may not be cured by subsequent filings. The court notes that Dunston tried to fulfill these requirements, but the lack of notarized affidavits is fatal to his efforts.

{¶ 6} Accordingly, this court grants the motion to dismiss and dismisses the petition for habeas corpus. Petitioner to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7} Petition dismissed.

---

SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
LISA B. FORBES, J., CONCUR