[Cite as *Brisbane v. Bedford Mun. Court*, 2023-Ohio-4132.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALPHONSO BRISBANE - RELATOR PROBATIONER, :

:

Petitioner, :

: No. 113221

v. :

BEDFORD MUNICIPAL COURT PROBATION DEPARTMENT, :

Respondent. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** November 14, 2023

---

Writ of Habeas Corpus
Order No. 568252

---

### *Appearances:*

Alphonso Brisbane, *pro se.*

---

MICHAEL JOHN RYAN, J.:

{¶ 1} On September 29, 2023, the petitioner, Alphonso Brisbane, commenced this habeas corpus action, naming the respondent as "Bedford Municipal Court, Probation Department." He argues that he is being illegally detained in the Cuyahoga County Correctional Center Jail for multiple reasons:

(1) defects in sentencing entries; (2) hearsay evidence; (3) deprivation of due process, including being deprived of the right to confront witnesses and present evidence; (4) prosecutorial misconduct; (5) judicial bias; (6) improper probation violation charges; and (7) failure to provide commitment papers. For the following reasons, this court dismisses the petition, sua sponte.

{¶ 2} The court first notes that Brisbane does not identify the underlying case. Nevertheless, reviewing the petition and the Bedford Municipal Court's docket, this court discerns the underlying case is *Garfield Hts. v. Brisbane,* Bedford M.C. No. 20TRC04107. From those sources, the court gleans the following: In October 2004, Brisbane was charged with OVI, OVI-refusal, driving under suspension, and slow speed. In May 2022, Brisbane pled no contest to driving under suspension; the other counts were nolled. The trial court sentenced him to two years of probation, fines, and court costs.[1]

{¶ 3} In December 2022, Brisbane was involved in a major vehicle accident in Garfield Heights and has been charged with other traffic violations that have not been resolved. He was also charged with violating probation in the underlying case. On August 31, 2023, the trial court ruled that he was a probation violator, revoked probation, and sentenced Brisbane to six months in the Cuyahoga County Corrections Center.

---

[1] This court notes that the trial court's docket uses the term "probation." R.C. Chapter 2929 uses the term "community control" for such a sanction.

**{¶ 4}** Brisbane's petition is fatally defective. R.C. 2725.04(D) requires a copy of the commitment papers or cause of detention. The Supreme Court of Ohio in *State ex rel. Davis v. Sheldon,* 168 Ohio St.3d 279, 2022-Ohio-2789, 198 N.E.3d 93, has held that all commitment papers are necessary for a complete understanding of the petition. "A petition that fails to comply with this requirement is defective and must be dismissed." *Id.* at ¶ 7. However, Brisbane has attached no commitment papers. Difficulties in obtaining records do not excuse this requirement.

**{¶ 5}** R.C. 2725.04 further requires the petition to be verified. In *Chari v. Vore,* 91 Ohio St.3d 323, 327, 744 NE.2d 2d 763 (2001), the Supreme Court of Ohio ruled, "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *." *Id.* at 327. The Supreme Court of Ohio then reversed the decision of the court of appeals granting the writ and awarding relief and held that the case should have been summarily dismissed because the petition was procedurally defective. Brisbane's verification and affidavit is not notarized. Thus, it is fatally defective.

**{¶ 6}** Brisbane also failed to name the proper respondent. R.C. 2725.04(B) requires that the petitioner specify the officer or name of the person by whom the prisoner is so confined or restrained. In *Hamilton v. Collins*, 11th Dist. Lake No. 2003-L-094, 2013-Ohio-4104, ¶ 3, the court of appeals held that in considering the legal sufficiency of habeas corpus claim, "such claims can be maintained only against the jailer or warden who presently has legal custody of the individual."

Naming "Bedford Municipal Court, Probation Department" as the respondent does not fulfill this requirement. *Ball v. State,* 8th Dist. Cuyahoga No. 84408, 2004-Ohio-1906. Similarly, Brisbane did not include the names and addresses of all of the parties as required by Civ.R. 10(A). *Ball v. State*, 8th Dist. Cuyahoga No. 84408, 2004-Ohio-1906.

{¶ 7} The gravamen of Brisbane's petition is that there were multiple errors in the probation revocation proceedings. However, "[a] petitioner is not entitled to relief in habeas corpus for nonjurisdictional error if he has or had an adequate remedy at law." *Hancock v. Shoop,* 152 Ohio St.3d 282, 2019-Ohio-718, 125 N.E.2d 872, ¶ 5. Appeal with a motion to stay is an adequate remedy precluding habeas corpus relief.

{¶ 8} Accordingly, this court dismisses the petition for a writ of habeas corpus, sua sponte. Petitioner to pay costs. This court directs the clerk of courts to serve all parties with notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 9} Petition dismissed.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR