THE STATE EX REL. RICHARD; CALO ET AL., APPELLANTS, *v.* MOHR, DIR.,
ET AL., APPELLEES.

[Cite as *State ex rel. Richard v. Mohr,* 135 Ohio St.3d 373, 2013-Ohio-1471.]

*Parole—Mandamus—Writ to compel parole hearing on particular date—Inmates have no constitutional or statutory right to parole or to be considered for parole on a particular date—Writ denied.*

(No. 2012-1902—Submitted April 11, 2013—Decided April 16, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-0780.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals granting the motion of appellees, Gary C. Mohr, Director, Ohio Department of Rehabilitation and Correction, Harry Hageman, chief of the Ohio Adult Parole Authority, and Cynthia Mausser, chair of the Ohio Parole Board, to dismiss the petition of appellants, Dennis Calo and Ronald Jolly, for a writ of mandamus. Calo and Jolly's claims are defective because they have no constitutional or statutory right to parole or to be considered for parole on a particular date. Therefore, they have no clear legal right to relief and can show no clear legal duty on the part of appellees.

{¶ 2} Calo and Jolly, as well as relator Donald Richard,[1] filed an original action in mandamus in the Tenth District Court of Appeals. Appellees filed a motion to dismiss. The court of appeals dismissed, and Calo and Jolly filed this appeal.

_____

1. Richard did not participate in the appeal, apparently because he was declared a vexatious litigator last year. *See In re Richard,* 133 Ohio St.3d 1419, 2012-Ohio-4870, 976 N.E.2d 911.

**{¶ 3}** Calo and Jolly appear to be arguing that they should be eligible for parole hearings at intervals set by the version of Ohio Adm.Code 5120:1-1-10(B) effective as of January 2, 1979, rather than the current version, which did not become effective until after they were incarcerated. Under the former version of the regulation, according to Calo and Jolly, they were entitled to second parole hearings within five years of their first hearings and at yearly intervals after that. 1978-1979 Ohio Monthly Record 4-435. Because their second parole hearings occurred beyond the five years, they claim to have been deprived of a number of parole hearings.

**{¶ 4}** To be entitled to the requested extraordinary relief, Calo and Jolly must establish a clear legal right to the requested relief, a clear legal duty on the part of appellees to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Calo and Jolly must prove that they are entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**{¶ 5}** Ohio law gives a convicted inmate "no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment." *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). The statute granting the parole authority discretion to grant parole, R.C. 2967.03, "creates no expectancy of parole or a constitutional liberty interest sufficient to establish a right of procedural due process." *Id.*, citing *Hattie v. Anderson*, 68 Ohio St.3d 232, 233, 626 N.E.2d 67 (1994); *State ex rel. Adkins v. Capots*, 46 Ohio St.3d 187, 188, 546 N.E.2d 412 (1989). It follows that as an inmate has no constitutional or statutory right to parole, he has no concomitant right to a particular date for the consideration of parole, and a change in such dates is not a constitutional violation. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268, 690 N.E.2d 887 (1998).

**{¶ 6}** In short, application of the new parole guidelines to Calo and Jolly does not constitute a violation of any constitutionally or statutorily protected liberty interest. They have failed to assert a clear legal right to the relief they seek or a clear legal duty on the part of appellees to provide relief. We therefore affirm the court of appeals' dismissal of their case.

**{¶ 7}** Calo and Jolly also filed a motion to disqualify the attorney general from representing appellees here. They make vague accusations of collusion and impropriety, but have submitted no evidence whatsoever to back up these accusations. The motion is denied.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Dennis Calo and Ronald Jolly, pro se.

Michael DeWine, Attorney General, and David A. Lockshaw Jr., Assistant Attorney General, for appellees.

_____