[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Richard v. Chambers-Smith,* Slip Opinion No. 2019-Ohio-1962.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1962

THE STATE EX REL. RICHARD ET AL.; CALO, APPELLANT, *v.* CHAMBERS-SMITH, DIR., ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Richard v. Chambers-Smith,* Slip Opinion No. 2019-Ohio-1962.]

*Mandamus—Second motion for relief from judgment making the same arguments as previous motion for relief from judgment barred by res judicata—Court of appeals' judgment affirmed.*

(No. 2018-1445—Submitted March 26, 2019—Decided May 23, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-780.

_____

**Per Curiam.**

{¶ 1} Appellant, Dennis Calo, appeals the Tenth District Court of Appeals' denial of his Civ.R. 60(B) motion for relief from judgment.  Appellees, Annette Chambers-Smith, director of the Ohio Department of Rehabilitation and Correction, Trayce Thalheimer, chief of the Ohio Adult Parole Authority ("APA"),

and Cynthia Mausser, chair of the Ohio Parole Board (collectively, "DRC"),[1] filed a merit brief and motion to dismiss Calo's appeal. We deny DRC's motion to dismiss and affirm the court of appeals' judgment. In addition, we deny the five motions that Calo has filed in this case.

**Background**

**{¶ 2}** In September 2011, Calo and two other inmates, Ronald Jolly and Donald Richard (collectively, "relators"), filed a complaint for a writ of mandamus in the Tenth District Court of Appeals. They argued that because they were sentenced before July 1, 1996, the APA had to consider them for parole at the intervals set by the version of Ohio Adm.Code 5120:1–1–10(B) that became effective January 2, 1979, rather than the version in effect when they filed their complaint. According to relators, the former version of the regulations would have entitled them to more frequent parole hearings. They also argued that going forward, they were entitled to annual parole hearings. DRC filed a motion to dismiss.

**{¶ 3}** A magistrate recommended that the court of appeals grant DRC's motion to dismiss, reasoning that relators were not entitled to a writ of mandamus, because even if their past parole hearings should have been more frequent, DRC could not "go back in time and perform [additional] hearings." *State ex rel. Richard v. Mohr*, 10th Dist. Franklin No. 11AP-780, 2012-Ohio-4413, ¶ 28. The magistrate also concluded that they were not entitled to annual parole hearings in the future. Relators filed objections to the magistrate's decision, and in September 2012, the court of appeals overruled those objections, adopted the magistrate's decision in

---

1. This case was instituted against the previous director of the Ohio Department of Rehabilitation and Correction, Gary C. Mohr, the previous chief of the Ohio Adult Parole Authority, Harry Hageman, and the chair of the Ohio Parole Board, Cynthia Mausser. Chambers-Smith has succeeded Mohr and Thalheimer has succeeded Hageman and are automatically substituted as appellees in this case. S.Ct.Prac.R. 4.06(B); Civ.R. 25(D)(1).

full, and dismissed relators' complaint. We affirmed. *State ex rel. Richard v. Mohr*, 135 Ohio St.3d 373, 2013-Ohio-1471, 987 N.E.2d 650.

{¶ 4} In August 2013, relators filed a Civ.R. 60(B) motion in the Tenth District Court of Appeals seeking relief from that court's September 2012 judgment. Relators alleged that the magistrate and the Tenth District panel that adopted the magistrate's decision perpetrated a "fraud on the court" by failing to obey the "spirit" and "letter" of Ohio's former sentencing laws and regulations. Holding that relators could not use a Civ.R. 60(B) motion to challenge the merits of a judgment and that there was no evidence to support a claim of fraud, the court of appeals denied the motion.

{¶ 5} In August 2018, relators again moved for relief from judgment in the Tenth District on the same grounds that relators had asserted in their 2013 Civ.R. 60(B) motion. On August 28, 2018, the court of appeals denied the motion on res judicata grounds. Calo timely appealed.[2]

### Law and Analysis

{¶ 6} As a threshold matter, we must consider DRC's motion to dismiss Calo's appeal. DRC argues that the appeal is barred by the doctrine of res judicata and that Calo is seeking to be released from prison, which is not an appropriate use of a writ of mandamus. DRC's arguments go to the merits of Calo's appeal, not the jurisdiction of this court. *See, e.g.*, *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 82 Ohio St.3d 37, 40, 693 N.E.2d 789 (1998) (res judicata is an affirmative defense and does not divest the second tribunal of jurisdiction to decide the validity of that defense). We deny DRC's motion to dismiss.

{¶ 7} We next turn to the court of appeals' judgment denying Calo's 2018 motion for relief from judgment under Civ.R. 60(B). To prevail in the Tenth District, Calo was required to demonstrate "(1) a meritorious claim or defense in

---

2. Jolly and Richard did not appeal from the August 2018 decision.

the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 18. All three elements must be met for a Civ.R. 60(B) motion to be granted. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). We review the court of appeals' decision denying Calo's Civ.R. 60(B) motion for an abuse of discretion. *Jackson* at ¶ 21.

{¶ 8} The court of appeals correctly denied Calo's second Civ.R. 60(B) motion on the basis of res judicata because, as described above, Calo made the same argument in his 2013 motion for relief from judgment. A party is barred from filing successive motions based on the same grounds and facts. *Coulson v. Coulson*, 5 Ohio St.3d 12, 17, 448 N.E.2d 809 (1983). Therefore, we affirm the court of appeals' judgment.

{¶ 9} Finally, we turn to Calo's pending motions, none of which has merit. First, Calo moves this court to disqualify the attorney general's office as counsel for DRC, alleging decades of "lies wrapped in a falsehood" and public corruption on the part of various assistant attorneys general. Because Calo has submitted no evidence whatsoever to support his vague accusations of collusion and impropriety, *see Richard*, 135 Ohio St.3d 373, 2013-Ohio-1471, 987 N.E.2d 650, at ¶ 7, we deny his motion.

{¶ 10} Second, Calo moves Chief Justice O'Connor and Justice Stewart to reissue their responses denying Calo's requests for recusal, arguing that their signatures were required "to ensure that the procedures, in this matter, were adhered to." But S.Ct.Prac.R. 4.04(C), which governs responses for recusal requests, simply requires the named justice to "submit a written response to the Clerk indicating whether the justice will recuse from the case." Nothing in the rule requires the response to be signed. Accordingly, we deny those motions.

4

**{¶ 11}** Third, Calo moves to strike DRC's "Merit Brief in Opposition and Motion to Dismiss." Specifically, Calo takes issue with how DRC titled the document and with the cases cited in the brief. Calo cites no authority to support his motion to strike, nor does he specify why DRC's brief should be struck under the relevant rule, S.Ct.Prac.R. 2.01(C). And Calo addresses the merits of DRC's brief in his reply brief. We deny Calo's motion to strike.

**{¶ 12}** Lastly, on February 4, 2019, Calo moved this court to take judicial notice of numerous alleged "facts," including that several parole-board members are under investigation for several crimes. Although Evid.R. 201(B) allows a court to take judicial notice of a fact if it is "not subject to reasonable dispute," the facts asserted by Calo *are* "subject to reasonable dispute." Although the taking of judicial notice is allowed at any stage of the proceedings, Evid.R. 201(F), it is not "an exception to the rule that evidence must be timely offered in a judicial proceeding," *AP Hotels of Illinois, Inc. v. Franklin Cty. Bd. of Revision*, 118 Ohio St.3d 343, 2008-Ohio-2565, 889 N.E.2d 115, ¶ 8, fn. 1. Indeed, Calo could have presented his evidence in the court of appeals when he filed his Civ.R. 60(B) motion. Calo's motion to take judicial notice is denied.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Dennis Calo, pro se.

Dave Yost, Attorney General, and George Horvath, Assistant Attorney General, for appellees.

_____