**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Farley v. Wainwright*, **Slip Opinion No. 2021-Ohio-670.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-670

FARLEY, APPELLANT, *v.* WAINWRIGHT, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Farley v. Wainwright*, Slip Opinion No. 2021-Ohio-670.]**

*Habeas corpus—Inmate's claims not cognizable in habeas corpus—Court of appeals' judgment dismissing petition affirmed.*

(No. 2020-0459—Submitted January 26, 2021—Decided March 11, 2021.)

APPEAL from the Court of Appeals for Marion County, No. 9-19-84.

_____

**Per Curiam.**

{¶ 1} In 2019, appellant, James R. Farley, filed a petition for a writ of habeas corpus in the Third District Court of Appeals alleging that he is entitled to immediate release from prison because the Department of Rehabilitation and Correction ("DRC") and the Bureau of Sentence Computation ("BSC") failed to update their records after he was resentenced in 2000. The Third District dismissed the petition. We affirm.

**Background**

**{¶ 2}** In 1996, Farley was convicted of aggravated murder and sentenced to life in prison, with parole eligibility after 20 years. A few months after Farley was sentenced, the trial court issued a corrected sentencing entry imposing a life sentence, with parole eligibility after 20 "full years." That designation prevented Farley from earning good-time credit, which can make an offender eligible for parole before he serves his full minimum term. *See State v. Farley*, 10th Dist. Franklin No. 96APA09-1247, 1997 WL 401947, *3-4 (July 15, 1997). On direct appeal, the Tenth District Court of Appeals held that the trial court had erred in imposing a term of 20 "full years" and remanded the case for resentencing. *Id*. In 2000, the trial court reimposed Farley's original sentence.

**{¶ 3}** In December 2019, Farley filed a petition asking the Third District Court of Appeals to issue a writ of habeas corpus ordering appellee, Lyneal Wainwright, warden of the Marion Correctional Institution, to immediately release him from custody. Farley alleged that DRC and BSC failed to remove the "full years" designation from their records until 2018 and that as a result, he was deprived of the opportunity to earn good-time credit and the possibility to be considered for parole earlier.

**{¶ 4}** The Third District dismissed Farley's petition. The court first held that Farley had failed to attach all pertinent commitment papers to his petition as required under R.C. 2725.04(D). The court went on to conclude that Farley's petition failed to state a cognizable habeas claim because he had not alleged facts showing that he is entitled to immediate release from prison.

**{¶ 5}** Farley appealed to this court as of right. We dismissed the appeal for want of prosecution after Farley failed to timely file a merit brief. 159 Ohio St.3d 1409, 2020-Ohio-3255, 146 N.E.3d 585. But we later granted Farley's motion for reconsideration and reinstated the appeal. 159 Ohio St.3d 1522, 2020-Ohio-4388, 152 N.E.3d 328.

**Analysis**

*Farley provided his commitment papers with his petition*

{¶ 6} When filing a petition for a writ of habeas corpus, a person generally must provide "[a] copy of the commitment or cause of detention of such person." R.C. 2725.04(D). A petition that fails to comply with this requirement is defective and must be dismissed. *Bloss v. Rogers*, 65 Ohio St.3d 145, 145-146, 602 N.E.2d 602 (1992). The Third District held that Farley's petition was defective under R.C. 2725.04(D) because he did not provide a copy of his 2000 sentencing entry when he filed his petition.

{¶ 7} The Third District was wrong—Farley attached the 2000 sentencing entry to his complaint as "Exhibit 6." The Third District may not have realized that Farley *refiled* Exhibit 6 in response to Wainwright's argument in her motion to dismiss that she had not received a copy of the entry when she was served with Farley's petition. The Third District interpreted Farley's later filing as an impermissible attempt to cure a defect, but there was no defect that needed to be cured. We therefore do not affirm on this basis.

*Farley is not entitled to immediate release*

{¶ 8} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). The writ is appropriate if the petitioner is entitled to immediate release from prison. *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167, 702 N.E.2d 423 (1998). We review the Third District's judgment dismissing Farley's petition de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 9} Farley argues that DRC and BSC violated his due-process rights by failing to properly apply his sentence and therefore allow him to earn good-time

credit. He contends that as a result of that error, he served a sentence that was contrary to law for more than 20 years. The Third District correctly concluded that Farley's allegations do not state a claim that is cognizable in habeas corpus.

{¶ 10} Farley does not allege that his life sentence is invalid. In fact, he alleges that the sentence imposed in 2000 should be enforced. Thus, even when taken as true, Farley's allegations do not show that he is entitled to release from prison. Ultimately, Farley complains about a lost opportunity to earn good-time credit and the possibility that he could have been eligible for parole sooner, "[b]ut earlier consideration of parole is not tantamount to a legal right to release from prison," *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). "Ohio law gives a convicted inmate 'no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment.' " *State ex rel. Richard v. Mohr*, 135 Ohio St.3d 373, 2013-Ohio-1471, 987 N.E.2d 650, ¶ 5, quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994).

{¶ 11} There appears to be no dispute that DRC and BSC made a mistake concerning Farley's sentence. But "[h]abeas corpus is not the proper remedy to address every concern a prisoner has about his legal rights or status." *Rodgers v. Capots*, 67 Ohio St.3d 435, 436, 619 N.E.2d 685 (1993). "[H]abeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully." *Heddleston* at 214. Because Farley is serving a valid life sentence, he is not entitled to immediate release and has failed to state a claim cognizable in habeas corpus.

{¶ 12} We affirm the Third District's judgment because Farley failed to state a claim on which relief can be granted.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————

James R. Farley, pro se.

Dave Yost, Attorney General, and Daniel J. Benoit, Assistant Attorney General, for appellee.

_____