[Cite as *Young v. Foley*, 2021-Ohio-3398.]

STATE OF OHIO      )            IN THE COURT OF APPEALS
                  )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN      )

GEORGE R. YOUNG

     Petitioner                    C.A. No.       21CA011759

     v.

WARDEN KEITH FOLEY                    ORIGINAL ACTION IN
                                        HABEAS CORPUS

     Respondent

Dated: September 27, 2021

PER CURIAM.

{¶1} George Young has petitioned this Court for a writ of habeas corpus to order his release from custody. The complaint alleges that the trial court lacked jurisdiction over his case that resulted in his conviction and incarceration. This Court must dismiss Mr. Young's petition because he did not comply with the statutory requirements for filing a petition for writ of habeas corpus.

{¶2} Mr. Young failed to provide an address for service of the petition on respondent. As a result, this Court ordered Mr. Young to provide an address for service. Mr. Young filed a response in which he indicated the respondent's address was included on page 18 of his petition. Mr. Young included a certificate of service on his response, but he only noted that he served it on the Court and not on Warden Foley, as required by Civ.R. 5. Pursuant to Civ.R. 5(B)(4), this Court cannot consider his response because proof of service was not endorsed on the document or separately filed. Notwithstanding his failure to provide an address for service, or to properly serve his response to this Court's order, we turn to consider his petition because it must be

dismissed for failing to comply with the statutory requirements for filing a petition for writ of habeas corpus.

{¶3}  R.C. Chapter 2725 sets forth the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information.  If this Court concludes that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06.  On the other hand, if the petition fails to state a claim, or to meet the statutory requirements, this Court must dismiss the petition.  *Farley v. Wainwright*, 164 Ohio St.3d 441, 2021-Ohio-670, ¶ 6; *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001).

{¶4}  A petition for habeas corpus must be accompanied by copies of all relevant commitment papers.  R.C. 2725.04(D); *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, at ¶ 4.  This ordinarily requires a petitioner to attach copies of all sentencing entries that resulted in the confinement.  *See Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, at ¶ 6; *Hairston v. Seidner*, 88 Ohio St.3d 57, 58 (2000).  A petitioner may proceed without the commitment papers if he alleges in his petition that the papers "could not be obtained without impairing the efficiency of the remedy." *See, e.g., Hughley v. Saunders*, 123 Ohio St.3d 90, 2009-Ohio-4089, ¶ 1.

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective.  When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992).  Mr. Young failed to attach any commitment papers to his petition.  He also failed to allege that he could not obtain those documents. Accordingly, this Court concludes that Mr. Young filed a defective petition.

{¶5} Mr. Young moved, more than two months after he filed his petition, to supplement the petition with his commitment papers and numerous other documents. Mr. Young failed to serve Warden Foley with this motion, again noting only service on the court. Further, the commitment papers must be filed with the petition, or the petition is defective and must be dismissed. *Farley* at ¶ 6. Even if we could consider the sentencing entry he sought to add to his petition, we would still be required to conclude that he failed to meet his burden to provide *all* of his commitment papers. The judgment of conviction specifically mentions that his sentence is to be served concurrently to the sentence ordered in another case; Mr. Young did not provide the commitment papers from that case. Without all of his commitment papers, this Court cannot determine how his commitment was procured and whether he is entitled to release. *See*, *e.g.*, *Bloss*, 65 Ohio St.3d at 146.

{¶6} Mr. Young failed to comply with the commitment paper requirement of R.C. 2725.04(D). Because the petition is fatally defective, this Court cannot order Mr. Young's release from custody, and the case is dismissed. Costs to Petitioner.

{¶7} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO
SUTTON, J.
CONCUR.

APPEARANCES:

GEORGE YOUNG, Pro se, Petitioner.