[Cite as *Smith v. Lucas*, 2023-Ohio-1018.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

ERIC JAMES SMITH, JR.

Petitioner,

v.

DAVID M. LUCAS, SHERIFF
BELMONT COUNTY, OHIO

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 BE 0060**

---

Writ of Habeas Corpus

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. R. Aaron Miller*, Chief Assistant Belmont County Public Defender, 121 Newell Avenue, St. Clairsville, Ohio 43950, for Petitioner.

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, *Atty. Christopher J. Gagin*, Belmont County Assistant Prosecuting Attorney, 52160 National Road East, St. Clairsville, Ohio 43950, for Respondent.

Dated: March 23, 2023

---

**PER CURIAM.**

{¶1} Petitioner Eric James Smith Jr. has commenced this original action by filing a verified petition for a writ of habeas corpus seeking his immediate release from the Belmont County Jail or a reduced bond amount. Petitioner alleges his pretrial bond was increased from a recognizance bond to a $100,000 bond after again being charged with the same offense and having failed to appear for the first. Respondent, Belmont County Sheriff David M. Lucas, has filed a response in opposition to the petition, requesting dismissal of the petition. Respondent contends the heightened bond amount is justified by Petitioner's repeated offenses and failure to appear in court. For a different reason, we *sua sponte* dismiss the petition for failure to comply with the filing requirements of R.C. 2725.04.

{¶2} R.C. 2725.01 explains the availability of habeas corpus relief: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.04 lists the required contents of a petition for a writ of habeas corpus. Of particular importance here is the requirement that the petitioner includes all pertinent commitment papers relevant to the arguments they are raising in the petition:

Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

* * *

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

To comply with this rule, a petitioner must attach all pertinent papers regarding his commitment. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 6. A petition that fails to comply with this requirement is defective and requires dismissal. *Farley v. Wainwright*, 164 Ohio St.3d 441, 2021-Ohio-670, 173 N.E.3d 468, ¶ 6.

{¶3} The Ohio Supreme Court has acknowledged the necessity and importance of these papers, explaining:

These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

{¶4} Here, the habeas petition does not include *any* commitment papers. Therefore, IT IS ORDERED by the Court that this original action in habeas corpus is hereby DISMISSED and the writ is DENIED. Respondent's response in opposition wherein he requested dismissal of the petition is hereby DENIED as moot.

{¶5}   IT IS FURTHER ORDERED by the Court, pursuant to Civ.R. 58, that the Clerk of the Belmont County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal.  Costs for this action are waived.