[Cite as *Hargrove v. Bobby*, 2023-Ohio-1474.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

DANIEL P. HARGROVE,

Petitioner,

v.

WARDEN BOBBY,

Respondent.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 22 MA 0121

---

Writ of Habeas Corpus

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

Daniel P. Hargrove, *Pro se,* 392 Beechwood Drive, Akron, Ohio 44320, Petitioner and

*Atty. Dave Yost*, Ohio Attorney General and *Atty. Maura O'Neill Jaite*, Senior Assistant Attorney General, Ohio Attorney General's Office, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215, for Respondent.

Dated: May 3, 2023

**PER CURIAM.**

{¶1} Petitioner Daniel P. Hargrove has brought this original action with the filing of his pro se petition for a writ of habeas corpus. He avers that is he is unlawfully imprisoned at the Northeast Ohio Correctional Center (NEOCC) located in Youngstown, Mahoning County, Ohio. He claims his sentence has expired and the Ohio Adult Parole Authority (APA) has violated his constitutional protections against unlawful search and seizure and double jeopardy. The petition names as Respondent, David Bobby, Warden of the NEOCC. Respondent has filed a motion to dismiss the petition pursuant to Civ.R. 12(B)(6) or, in the alternative, a motion for summary judgment pursuant to Civ.R. 56(C). Respondent argues that the petition contains numerous procedural deficiencies and contends that Petitioner has not established the trial court lacked jurisdiction to sentence him. Furthermore, Respondent posits that Petitioner's unlawful search-and-seizure claim is not cognizable in habeas proceedings. Due to Petitioner's failure to comply with the verification and commitment-paper requirements of the statute governing petitions for a writ of habeas corpus, this Court is compelled to dismiss the petition.

{¶2} As alleged in the petition, Petitioner pleaded guilty to burglary in the Summit County Court of Common Pleas. On March 5, 2016, he was sentenced to a two-year term of imprisonment to be followed by a three-year post-release control sanction. Petitioner contends he completed the sentence, but the APA unlawfully extended it, resulting in false imprisonment and a violation of his constitutional right to protection from double jeopardy. He further contends the APA has violated the ultra vires doctrine by contracting with a for-profit corporation and violated his constitutional protections against illegal search and seizure.

{¶3} Respondent, as noted, has filed a motion to dismiss the petition pursuant to Civ.R. 12(B)(6). Ohio prescribes a basic, summary procedure for bringing a habeas corpus action. *Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, 852 N.E.2d 1204, ¶ 8. That procedure is augmented by the Rules of Civil Procedure, which generally apply in original actions for extraordinary writs, including habeas corpus actions. *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 6; *see also State ex rel.*

*Foster v. Foley*, Slip Opinion No. 2022-Ohio-3168, ¶ 13 (clarifying that the Rules of Civil Procedure apply in habeas actions only to the extent they would not by their nature be clearly inapplicable).

**{¶4}** The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint, which is why the movant may not rely on allegations or evidence outside the complaint. Civ.R. 12(B); *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Handcock v. Shoop*, 156 Ohio St.3d 282, 2019-Ohio-718, 125 N.E.3d 872, ¶ 5, quoting *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

**{¶5}** This court is vested with original jurisdiction over a petition for a writ of habeas corpus pursuant to Article IV, Section 3(B)(1)(c) of the Ohio Constitution and R.C. 2725.02. To receive a writ of habeas corpus, a petitioner must show they are being unlawfully restrained of their liberty, R.C. 2725.01, and that they are entitled to immediate release from prison or confinement. *State ex rel. Cannon*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Notably, although Petitioner challenges the lawfulness of his imprisonment, including his contention that his sentences have expired, he does not explicitly state that he is entitled to immediate release from prison or confinement. Nevertheless, we will proceed to address the procedural deficiencies of the petition.

**{¶6}** R.C. 2725.04 sets forth the statutory requirements attendant to a petition for a writ of habeas corpus:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

(C) The place where the prisoner is so imprisoned or restrained, if known;

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶7} The petition here fails to satisfy two of the requirements contained in this section. The first is the requirement found in the introductory sentence where it states the petition shall be signed and verified by the party. To be properly verified, a declaration must be sworn in the presence of an authorized officer, such as a notary public. *State ex rel. Foster v. Foley*, Slip Opinion No. 2022-Ohio-3168, ¶ 12. Failure to comply with the verification requirement renders the petition fatally defective and subject to dismissal. *State ex rel. Austin v. Knab*, 127 Ohio St.3d 118, 2010-Ohio-4982, 936 N.E.2d 958, ¶ 1.

{¶8} Upon review, Petitioner's signature appears at only one location in the petition, on the certificate of service. Nowhere in the petition does Petitioner swear to the truth of the facts contained therein. Nor does the petition contain any kind of notarization. Therefore, Petitioner has failed to comply with R.C. 2725.04's verification requirement.

{¶9} The second requirement is found in subsection (D) – the commitment papers requirement. To meet it, a petitioner must attach *all* pertinent papers regarding their commitment. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 6. A petition that fails to comply with this requirement is defective and requires dismissal. *Farley v. Wainwright*, 164 Ohio St.3d 441, 2021-Ohio-670, 173 N.E.3d 468, ¶ 6. The Supreme Court of Ohio has explained that "[t]hese commitment papers are necessary for a complete understanding of the petition." *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

{¶10} The only commitment paper Petitioner attached to his petition is a form document issued by the APA entitled, Sanction Receipt and Prison Term Order (PRC). It

substantiates that Petitioner was released on post-release control on March 8, 2018. It reflects also that the APA conducted a revocation hearing on August 15, 2022, resulting in Petitioner being found guilty of violating three rules attendant to his post-release control sanction and imposing a sanction of 221 days in prison for the violations. However, Petitioner did not include the commitment paper memorializing the sentence he received in the Summit County Court of Common Pleas. In the absence of that particular commitment paper and additional revocation-related papers, if any, we cannot ascertain a complete understanding of whether Petitioner's sentence has indeed expired. Thus, Petitioner has also failed to comply with R.C. 2725.04's commitment-papers requirement.

{¶11} In conclusion, Petitioner's pro se petition for a writ of habeas corpus falls short of fulfilling the statutory prerequisites outlined in R.C. 2725.04. The petition lacks proper verification, as it is neither sworn to nor notarized, and does not satisfy the commitment-papers requirement, given the absence of the commitment paper from the Summit County Court of Common Pleas. As a result of these procedural shortcomings, the petition is defective necessitating dismissal.

{¶12} Accordingly, IT IS HEREBY ORDERED that Respondent's motion to dismiss is GRANTED, the writ is DENIED, and this cause DISMISSED. Final order.

{¶13} IT IS FURTHER ORDERED, pursuant to Civ.R. 58(B), that the Clerk of the Mahoning County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs waived.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

Case No. 22 MA 0121