[Cite as *Stephens v. Zusack*, 2025-Ohio-1917.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

LEE C. STEPHENS

Petitioner,

v.

JAMES G. ZUSACK
BELMONT COUNTY, OHIO SHERIFF

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 BE 0019**

---

Writ of Habeas Corpus

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Cole A. Antolak*, Assistant Belmont County Public Defender, for Petitioner.

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, for Respondent.

Dated: May 22, 2025

**PER CURIAM.**

{¶1} Petitioner Lee C. Stephens, a pretrial detainee confined at the Belmont County Jail without bond since his arrest, seeks immediate release through this original action in habeas corpus. The petition names Belmont County Sheriff James G. Zusack as respondent. He claims that he has been unlawfully detained beyond the maximum 30-day period authorized by law for the charged offense—a fourth-degree misdemeanor domestic violence charge under R.C. 2919.25 and his continued detention—now spanning more than 55 days—violates both his statutory rights and constitutional liberty.

{¶2} Upon review of the habeas petition, the docket in the underlying case, and the relevant statutory framework, this Court finds the petition procedurally deficient under R.C. 2725.04(D). The petition fails to include any documentation establishing the authority under which Stephens is confined, nor does it explain the absence of such materials. Without the necessary commitment papers—or an averment that they could not be procured—the petition cannot be maintained. Accordingly, we must dismiss the petition sua sponte.

## FACTUAL AND PROCEDURAL HISTORY

{¶3} On March 18, 2025, Stephens appeared before Judge David Trouten of the Belmont County Eastern Division Court charged with one count of domestic violence, a fourth-degree misdemeanor under R.C. 2919.25 in case no. 25CRB00143E. The trial court entered a not-guilty plea on Stephens' behalf, appointed the Public Defender's Office to represent him, issued a no-contact order, and ordered an "emergency evaluation" for Stephens by Coleman Health Services. The court also ordered Stephens held without bond and scheduled a follow-up hearing for March 20, 2025.

{¶4} At the March 20, 2025 hearing, Attorney Cole A. Antolak, Assistant Belmont County Public Defender, appeared on Stephens' behalf and has remained his counsel throughout these proceedings. The trial court upheld its previous orders denying bond and maintaining the no-contact directive, and scheduled trial for March 27, 2025.

{¶5} On the scheduled trial date of March 27, 2025, the court, referencing the report filed by Coleman Health Services, instead questioned Stephens' "competency to

stand trial at this time." The court continued the trial generally and again ordered Stephens to be evaluated for "competency determination," this time by Forensic Diagnostic Center of District Nine, Inc. The court ordered Stephens' transfer from the jail to a psychiatric facility "as the jail is not safe for the Defendant's mental health"—though the docket contains no indication that this transfer ever occurred. For that reason as well, the court ordered that Stephens remain held on no bond "for the safety of himself and for the safety of the public" and scheduled a status conference for April 10, 2025.

{¶6} On April 10, 2025, the trial court, on its own motion, continued the status conference for two weeks to April 24, 2025, and continued the no-bond order.

{¶7} On April 23, 2025, Attorney Antolak filed a motion to dismiss the case, arguing that Stephens had already served more than the 30-day maximum sentence for a fourth-degree misdemeanor under R.C. 2929.24(A)(4).

{¶8} The docket entry for the April 24, 2025 status conference indicates that the trial court held a hearing on the motion to dismiss, which included the presentation of testimony. The court took the motion under advisement and announced that it would "issue a decision in the near future." A status conference was scheduled for May 8, 2025, and the no-bond order remained in effect.

{¶9} In a docket entry entered on May 6, 2025, the trial court referenced the April 24, 2025 status conference and hearing on Stephens' motion to dismiss and proceeded to issue the following "ruling": "Due to the fact that there is currently a competency evaluation pending, the Court orders all Motions to be stayed until a finding on competency is made." The court noted that the case remained scheduled for a status conference on May 8, 2025, and that the no-bond order remained in effect.

{¶10} Attorney Antolak filed this habeas petition on May 8, 2025, on Stephens' behalf. The trial court docket for Stephens' criminal case does not reflect an entry for May 8, 2025, the day the trial court had previously scheduled for a status conference. Rather, there is an entry for a day later on May 9, 2025, in which the trial court noted that it conducted a status conference and acknowledged that Attorney Antolak had "reiterated his objection." The court again continued the status conference to May 20, 2025, and reaffirmed the no-bond order.

**PETITIONER'S R.C. 2945.73(B)(2) CLAIM**

{¶11} By the point Attorney Antolak filed Stephens' petition with this Court on May 8, 2025, Stephens had been continuously detained for 55 days—well beyond both the 30-day statutory maximum for his offense and the 45-day speedy trial deadline under R.C. 2945.71(B)(1). Stephens points to R.C. 2945.73, which mandates that criminal charges must be dismissed or the accused discharged if trial does not occur within the time limits set by R.C. 2945.71 and 2945.72, and such dismissal—whether for felony or misdemeanor charges—can result in release from detention and, in many cases, dismissal with prejudice, barring future prosecution based on the same conduct. Specifically, R.C. 2945.73(B)(2) provides:

> Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code, a person charged with misdemeanor *shall be discharged* if the person is held in jail in lieu of bond awaiting trial on the pending charge:

> (a) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged.

(Emphasis added.)

{¶12} This statutory provision creates a bright-line rule that operates independently from speedy trial calculations. Unlike the speedy trial provisions, which can be extended for various reasons enumerated in R.C. 2945.72, the maximum detention provision in R.C. 2945.73(B)(2) contains no exceptions or tolling provisions. The statute explicitly states it applies "regardless of whether a longer time limit may be provided" under the speedy trial statutes.

{¶13} Thus, the trial court's ordering of a competency evaluation does not suspend the operation of R.C. 2945.73(B)(2). While R.C. 2945.72(B) does toll the speedy trial time during periods when "the accused is mentally incompetent to stand trial or during which the accused's mental competence to stand trial is being determined," this tolling provision does not extend to the maximum detention limit in R.C. 2945.73(B)(2). The latter operates as an absolute ceiling on pretrial detention for misdemeanor defendants

regardless of the reason for delay. The petition asserts that he has not requested any continuances, that no finding of incompetency has been made, and that even if such findings were made, they would be irrelevant to the operation of R.C. 2945.73(B)(2)'s protection against excessive pretrial detention.

## STATUTORY FILING REQUIREMENTS AND THRESHOLD REVIEW

**{¶14}** This court is vested with original jurisdiction over a petition for a writ of habeas corpus pursuant to Ohio Const., art. IV, § 3(B)(1)(c) and R.C. 2725.02. R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." To receive a writ of habeas corpus, a petitioner must show they are being unlawfully restrained of their liberty and that they are entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon*, 2018-Ohio-4184, ¶ 10. Ohio prescribes a basic, summary procedure for bringing a habeas corpus action. *Waites v. Gansheimer*, 2006-Ohio-4358, ¶ 8. That procedure is augmented by the Rules of Civil Procedure, which generally apply in original actions for extraordinary writs, including habeas corpus actions. *Brooks v. Kelly*, 2015-Ohio-2805, ¶ 6.

**{¶15}** R.C. 2725.04, which governs the requirements for the contents of a petition for writ of habeas corpus, states, in pertinent part:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> . . .
>
> (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

R.C. 2725.04(D).

Case No. 25 BE 0019

**{¶16}** To meet the requirement in R.C. 2725.04(D), a petitioner must attach *all* pertinent papers regarding their commitment. *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 6. A petition that fails to comply with this requirement is defective and requires dismissal. *Farley v. Wainwright*, 2021-Ohio-670, ¶ 6. The Supreme Court of Ohio has explained that "[t]hese commitment papers are necessary for a complete understanding of the petition." *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992).

## CONCLUSION

**{¶17}** Here, Stephens has provided neither commitment papers nor an explanation for their absence, rendering his petition procedurally defective despite the substantive merits of his underlying claim. Although Stephens presents a facially compelling argument that his 55-day detention exceeds the maximum 30-day sentence authorized for a fourth-degree misdemeanor, we cannot reach these substantive issues unless the petition complies with the procedural filing requirements of R.C. 2725.04. Should Stephens refile his petition that meets those requirements, including the requisite documentation or provide a sufficient explanation for why such papers cannot be procured, this Court would then be positioned to address the serious statutory and constitutional questions his case presents.

**{¶18}** Accordingly, Stephens' petition for a writ of habeas corpus is hereby dismissed sua sponte.

**{¶19}** Pursuant to Civ.R. 58, the Clerk of the Belmont County Court of Appeals shall immediately serve notice of this judgment and its date of entry upon the journal to all parties. Costs waived.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

Case No. 25 BE 0019