[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunley v. Wainwright*, Slip Opinion No. 2021-Ohio-803.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-803

THE STATE EX REL. HUNLEY, APPELLANT, *v*. WAINWRIGHT, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunley v. Wainwright*, Slip Opinion No. 2021-Ohio-803.]

*Habeas corpus—Inmate has not yet completed his lawfully imposed sentences— Court of appeals' dismissal of petition affirmed.*

(No. 2020-1151—Submitted January 26, 2021—Decided March 18, 2021.)

APPEAL from the Court of Appeals for Marion County, No. 9-20-15.

_____

**Per Curiam.**

{¶ 1} Appellant, Harold Hunley, an inmate at the Marion Correctional Institution, appeals the Third District Court of Appeals' judgment dismissing his petition for a writ of habeas corpus against appellee, Warden Lyneal Wainwright. We affirm.

**Background**

{¶ 2} In 1989, Hunley was sentenced to a prison term of 3 to 15 years for robbery.

{¶ 3} Hunley was paroled in 1992. Later that year, he was convicted of a second robbery and was sentenced to another prison term of 3 to 15 years for that offense. Although the 1992 sentencing entry did not refer to his 1989 sentence, the parties agree that by operation of law, the sentences were to be served consecutively.[1] At that time, Hunley's maximum prison sentence would have expired on January 27, 2019.

{¶ 4} Hunley was paroled a second time in 1997, and in 1999, he was declared a parole violator at large. The parties agree that an additional 34 days of "lost time" were added to his maximum sentence when he returned to prison.

{¶ 5} Hunley was paroled a third time in 2000. In 2001, he was convicted of felonious assault, aggravated robbery, and child endangering and sentenced to six years in prison. By that time, there was a statutory presumption in favor of concurrent sentences. *See* former R.C. 2929.41(A), Am.Sub.S.B. No. 22, 148 Ohio Laws, Part IV, 8353, 8389. Therefore, no additional time was applied to Hunley's maximum sentence, which was then set to expire on March 2, 2019.

{¶ 6} Hunley was paroled for the fourth and final time in 2007. In 2008, he was convicted and sentenced to ten months in prison for forgery, two six-year terms for robbery, and two mandatory three-year terms for related firearm specifications. The sentencing court ordered the forgery and robbery sentences to run concurrently with one another but consecutively to the firearm-specification sentences. The court also ordered the firearm-specification sentences to run

---

1. At the time Hunley was sentenced in 1992, R.C. 2929.41(B)(3) provided that the sentence imposed for any new felony committed by a parolee was to run consecutively to any other sentence of imprisonment. *See* Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1438.

consecutively to each other. The sentencing entries did not refer to Hunley's prior criminal sentences.

{¶ 7} In May 2020, Hunley filed a petition for a writ of habeas corpus against Wainwright in the Third District. He alleged that the 2008 sentencing court did not order him to serve his firearm-specification sentences consecutively to his 1989 and 1992 robbery sentences and that he should have been released from prison on December 13, 2019.

{¶ 8} Wainwright moved to dismiss the petition, arguing that (1) Hunley could have challenged his sentences by directly appealing them and (2) the two mandatory three-year terms imposed for the 2008 firearm specifications added six years to Hunley's maximum sentence, thereby extending his release date into 2025. The court of appeals granted Wainwright's motion and dismissed Hunley's petition. Hunley appealed to this court as of right.

## Analysis

{¶ 9} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). The writ is appropriate if the petitioner is entitled to immediate release from prison. *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167, 702 N.E.2d 423 (1998). We review de novo the court of appeals' dismissal of a habeas corpus petition. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5.

{¶ 10} The court of appeals held that Hunley is not entitled to a writ of habeas corpus for two reasons: (1) he could have challenged his sentences by directly appealing them and (2) he is not entitled to immediate release, because by operation of R.C. 2929.14(C)(1)(a), the three-year sentences for his firearm

specifications must be served consecutively to each other and to his 1989 and 1992 sentences.

{¶ 11} The court of appeals' first rationale is not correct. It is true that the sentencing errors of a court of competent jurisdiction are not cognizable in habeas corpus. *E.g.*, *State ex rel. Wynn v. Baker*, 61 Ohio St.3d 464, 465, 575 N.E.2d 208 (1991). However, the court of appeals misconstrued Hunley's claim. Hunley does not argue that his 2008 sentencing entries are erroneous; he contends that the Bureau of Sentence Computation improperly modified those entries when it ran the sentences for his 2008 firearm specifications consecutively to his 1989 and 1992 sentences. Hunley could not have asserted this claim in a direct appeal, because it did not arise from the 2008 sentencing entries themselves. *See State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 12. Therefore, the only issue in this case is whether certain sentences Hunley received in 2008—namely, his two mandatory firearm-specification sentences— are to run consecutively to his 1989 and 1992 sentences.

{¶ 12} As the parties agree, Hunley was to serve his 2001 and 2008 sentences for robbery and forgery concurrently with his 1989 and 1992 sentences. R.C. 2929.41(A) creates a presumption that multiple sentences of imprisonment imposed on an offender "shall be served concurrently." Therefore, the sentencing court's silence concerning the 1989 and 1992 sentences caused the 2001 and 2008 sentences for robbery and forgery to run concurrently by operation of law. *Oliver* at ¶ 10.

{¶ 13} Hunley contends that the same rule applies to his 2008 mandatory firearm-specification sentences. But R.C. 2929.41(A) states that a presumption favoring concurrent sentences applies "[e]xcept as provided in" R.C. 2929.14(C).[2]

2. At the time of Hunley's 2008 sentences, R.C. 2929.41(A) made an exception for sentences imposed under former R.C. 2929.14(E) (now R.C. 2929.14(C)), *see* Am.Sub.H.B. No. 490, 149 Ohio Laws, Part V, 9484, 9691, and R.C. 2929.14(E)(1)(a) (now R.C. 2929.14(C)(1)(a)) referred

And R.C. 2929.14(C)(1)(a) provides that if a mandatory prison term is imposed under R.C. 2929.14(B)(1)(a) (for having a firearm while committing a felony), "the offender shall serve any mandatory prison term imposed * * * consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." Therefore, Hunley's 2008 firearm-specification sentences run consecutively to his 1989 and 1992 sentences and extend his release date into 2025. *See State ex rel. Herring v. Wainwright*, __ Ohio St.3d __, 2020-Ohio-4521, __ N.E.3d __, ¶ 9.

{¶ 14} Because Hunley will not complete his lawfully imposed sentences until 2025, he is not entitled to immediate release. We therefore affirm the court of appeals' judgment dismissing Hunley's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Harold Hunley, pro se.

Dave Yost, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____

to sentences imposed for firearm specifications under former R.C. 2929.14(D) (now R.C. 2929.14(B)), *see* 2007 Am.Sub.S.B. No. 10.