**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Stewart v. Collins***, Slip Opinion No. 2022-Ohio-324.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2022-OHIO-324**

**STEWART, APPELLANT, *v*. COLLINS, WARDEN, APPELLEE.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stewart v. Collins*, Slip Opinion No. 2022-Ohio-324.]**

*Habeas corpus—Court of appeals correctly dismissed complaint for failure to state a habeas claim—Judgment affirmed.*

(No. 2021-0832—Submitted December 7, 2021—Decided February 9, 2022.)

APPEAL from the Court of Appeals for Pickaway County, No. 21CA6.

————————————

**Per Curiam.**

{¶ 1} Appellant, Darin T. Stewart, appeals the judgment of the Fourth District Court of Appeals dismissing his complaint for a writ of habeas corpus against appellee, Warden Emma Collins, and has filed a motion for reversal of judgment. We deny the motion and affirm the judgment of the court of appeals.

**I. BACKGROUND**

{¶ 2} Stewart is an inmate at the Pickaway Correctional Institution, where Collins is the warden. In October 1986, Stewart was arrested and charged with three

counts of felonious assault for shooting three people. After one victim later died from his wounds, Stewart was indicted on one count of aggravated murder, one count of aggravated robbery, and two counts of attempted aggravated murder—all with firearm specifications.

{¶ 3} In January 1988, the trial court found Stewart not guilty of aggravated murder but guilty of what it called "the lesser included offense" of murder and not guilty of aggravated robbery. The court also found him not guilty of both counts of attempted aggravated murder but guilty of one count of "the lesser included offense" of attempted murder. He was sentenced to an aggregate prison term of 18 years to life.

{¶ 4} On March 29, 2021, Stewart filed a complaint for a writ of habeas corpus in the Fourth District Court of Appeals. He alleged that murder and attempted murder, the offenses of which he was convicted, were neither charged in the indictment nor lesser included offenses of the charged crimes. He argued that the trial court lacked jurisdiction to convict him of uncharged offenses and that therefore, his convictions are void and he is entitled to immediate release.

{¶ 5} Collins filed a motion to dismiss, which the court of appeals granted. The court held that Stewart's complaint failed to state a claim for relief in habeas corpus because his claim did not challenge the trial court's jurisdiction. In addition, the court held that habeas corpus would not issue, because Stewart's maximum sentence had not expired. Stewart appealed.

## II. ANALYSIS

{¶ 6} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). With few exceptions, habeas corpus will lie only to challenge the jurisdiction of the sentencing court.

*State ex rel. Quillen v. Wainwright*, 152 Ohio St.3d 566, 2018-Ohio-922, 99 N.E.3d 360, ¶ 6. We review de novo a court of appeals' dismissal of a habeas corpus petition. *State ex rel. Hunley v. Wainwright*, 163 Ohio St.3d 301, 2021-Ohio-803, 170 N.E.3d 16, ¶ 9.

{¶ 7} Stewart devotes much of his merit brief to the argument that murder is not a lesser included offense of aggravated murder and that he therefore was convicted of unindicted offenses. But we need not consider whether Stewart's convictions were lawful. The sole issue in this appeal is whether habeas corpus is a proper vehicle by which Stewart may challenge his convictions.

{¶ 8} Stewart asserts that his convictions for allegedly unindicted offenses constitute a jurisdictional defect. We rejected this argument in *DeVore v. Black*, __ Ohio St.3d __, 2021-Ohio-3153, __ N.E.3d __, ¶ 9, holding that "[s]uch an argument is an attack upon the sufficiency of the indictment, which is not cognizable in habeas corpus." Although Stewart reframes the issue as a due-process violation, due-process claims are also not cognizable in habeas corpus. *See Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3. And to the extent that he is challenging the sufficiency of the evidence supporting his convictions, that theory is unavailing for the same reason. *See State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4. Therefore, the court of appeals correctly dismissed the complaint for failure to state a claim.

{¶ 9} After the time to submit briefs in this appeal had elapsed, Stewart filed a pleading captioned "motion for reversal of judgment," arguing that he is entitled to prevail in his appeal based on Collins's alleged failure to timely file a merit brief. But Collins did timely file a merit brief, and even if she had not, Stewart's motion would still fail because, for the reasons stated above, his merit brief does not provide a basis for reversal. *See* S.Ct.Prac.R. 16.07(B) (if an appellee fails to file a merit brief, we may reverse the judgment on appeal "if the appellant's brief

reasonably appears to sustain reversal"). We therefore deny Stewart's motion for summary reversal of his convictions.

### III. CONCLUSION

**{¶ 10}** We deny Stewart's motion to reverse his convictions and affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Darin T. Stewart, pro se.

Dave Yost, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____