[Cite as *State v. Schumacher*, 2022-Ohio-2939.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 21CA1145 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Bryan Schumacher, | : | |
| | : | **RELEASED: 08/17/2022** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, Attorney for Appellant.

David Kelley, Adams County Prosecuting Attorney, and Anthony Hurst, Assistant Adams County Prosecutor, West Union, Ohio, for Appellee.

_____

Wilkin, J.

{¶1} Bryan Schumacher ("appellant") appeals the sentencing entry of the Adams County Court of Common Pleas that imposed an aggregate prison term of 42 months. Appellant maintains that "the trial court erred to the prejudice of Mr. Schumacher by improperly sentencing him to consecutive prison terms." In response, the state of Ohio claims the record supports the trial court's sentence. After reviewing the arguments of the parties, the record, and the applicable law, we find that the trial court did not err in sentencing appellant to consecutive prison terms. Therefore, we affirm the trial court's sentencing entry.

BACKGROUND

{¶2} On February 21, 2021, the state charged appellant with receiving stolen property in violation of R.C. 2913.51, a fourth-degree felony. On August 4,

2021, the state filed a supplemental indictment that charged appellant with bribery, a third-degree felony, for trying to pay a witness money to not testify on the state's behalf at his receiving-stolen-property trial. Appellant initially pleaded not guilty to both offenses.

{¶3} On August 31, 2021, the trial court held a change of plea hearing. The state represented to the court that appellant was going to plead guilty to both criminal counts: receiving stolen property and bribery. The judge informed appellant of the maximum penalty for each offense and that he could order appellant to serve the two sentences consecutive to each other, and asked appellant if he understood. Appellant responded affirmatively. After the court completed its colloquy with appellant regarding the plea agreement, and ensured that appellant understood everything that had transpired during the hearing, the court accepted appellant's guilty plea to both criminal counts.

{¶4} On September 20, 2021, the court held a sentencing hearing. During the hearing, the court stated that it had considered "the record, the oral statements, any victim impact statements and a pre-sentence investigation report." ("PSI") The court went on to consider the sentencing factors in R.C. 2929.11 and 2929.12. The judge reviewed appellant's PSI, which contained among other information, appellant's criminal record. The judge noted that the PSI indicated that appellant had abused various drugs and alcohol. The judge also pointed out that appellant had never completed drug or alcohol treatment, that he scored a 31 on the Ohio Risk Assessment System, and that he has shown no remorse for his crimes.

{¶5} The court found that appellant was not amenable to community control sanctions. The court then imposed a 12-month prison term for count 1 (receiving stolen property) and 30 months for count 2 (bribery). The two prison terms were ordered to be served consecutive to each other, resulting in a 42-month-aggregate-prison sentence. The court further recognized that appellant's bribery offense took place nine months after the receiving stolen property offense, and was for the purpose of undermining the state's prosecution of that offense.

{¶6} The court stated that consecutive sentences were

> necessary to protect the public from future crime, as well as to punish the offender. And that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, as the court has noted, the complete attempt to undermine the entire, uh, American system of justice. And further the danger that the offender poses to the public, uh, in light of the multiple trips or ATVs, the non-disclosure of the property, that the tremendous amount, and then taking a viable business off offline for a while, while they're trying to recover and be able to operate all this finds he poses, a danger to the public. And the court also finds that the, uh, these two of the multiple offenses were committed as part of one or more courses of conduct. And if there was ever that definition, it's this one, the conduct of stealing property and in the conduct of trying to disrupt the entire judicial system, not judicial justice system and that the harm caused by two or more of the multiple offenses so committed is so great each of them individually great. And then so unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offenders conduct.
> Also the offenders history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender and others.

{¶7} On September 20, 2021, the court issued a sentencing entry reflecting the 42-month-aggregate-prison term.  It is this sentencing entry that appellant appeals.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR.
SCHUMACHER BY IMPROPERLY SENTENCING HIM TO
CONSECUTIVE TERMS

{¶8} Appellant claims that the record does not support the court's findings that it cited in requiring appellant's two sentences to be served consecutive to each other.

{¶9} Appellant first argues that permitting his sentences to be served concurrently, which would have required him to serve 30 months, would have been sufficient to protect the public.  Appellant also claims that his 42-month sentence is disproportionate to the seriousness of his conduct, "especially in light of the fact that his original charge carried a possible sentence of 18 months." Finally, appellant argues that his criminal history does not demonstrate that consecutive sentences were necessary. He asserts that most of his prior offenses were misdemeanor or traffic citations.  Therefore, appellant moves this court to modify the trial court's sentencing entry and order that his sentences be served concurrently.

{¶10} In response, the state argues that the trial court's findings in support of its decision to impose consecutive sentences are supported by the record. Appellant's criminal conduct disrupted a local business taking it offline for a period of time by depriving it of its tools and equipment.  The state further cites

appellant's bribery charge, which was a "deceitful" attempt to undermine the

"American system of justice."  The state also claims that appellant's "extensive

criminal history" supports the trial court's decision to impose consecutive

sentences.  Finally, the state cites the PSI, which indicated that appellant showed

no remorse.  Therefore, the state maintains that the court should affirm

appellant's sentence.

### A.  Law

### 1.  Consecutive Sentences

**{¶11}** R.C. 2929.41(A) establishes a statutory presumption in favor of

concurrent sentences.  *State ex rel. Hunley v. Wainwright*, 163 Ohio St. 3d 301,

2021-Ohio-803, 170 N.E.3d 16, ¶ 13.  However, a trial court is authorized to

require a defendant's prison terms for multiple offenses be served consecutively

if the court makes the findings set out in R.C. 2929.14(C)(4).  *Id.*

> "Under the tripartite procedure set forth in R.C. 2929.14(C)(4) in R.C. 2929.14(C)(4), prior to imposing consecutive sentences a trial court must find that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of three circumstances specified in the statute applies." *See State v. Baker*, 4th Dist. Athens No. 13CA18, 2014-Ohio-1967, ¶ 35-36. The three circumstances are:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*State v. Cottrill*, 4th Dist. Ross No. 20CA3704, 2020-Ohio-7033, ¶ 14.

**{¶12}** The trial court must make these findings during the sentencing hearing and incorporate them into its sentencing entry, but there is no requirement for the court to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

2.   Standard of Review

**{¶13}** As interpreted in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, an appellate court reviews consecutive sentences under R.C. 2953.08(G)(2), which permits a reviewing court to "increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds * * * 'that the record does not support the sentencing court's findings,' under  [R.C. 2929.14(C)(4)] or 'the sentence is otherwise contrary to law.' " ' *State v. Hughes*, 4th Dist. Adams No. 21CA1133, 2022-Ohio-107, ¶ 9, quoting *State v. Cottrill,* 4th Dist. Ross No. 20CA3704, 2020-Ohio-7033, ¶ 11. "[C]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases[.]' " *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

"It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In

fact, R.C. 2953.08(G)(2) makes it clear that '[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review."

*State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-4458, ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21.

{¶14} Therefore, in reviewing consecutive sentences, an appellate court "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds, by clear and convincing evidence, that the record does not support the sentence." *State v. Walker*, 4th Dist. Gallia No. 19CA1, 2020-Ohio-617, ¶ 19.

B. Analysis

{¶15} Appellant does not dispute that the trial court made the findings required by R.C. 2929.14(C)(4). Rather, he maintains that the record does not clearly and convincingly support those findings. We disagree.

{¶16} The trial court ordered consecutive sentences based on the following findings: (1) a need to protect the public from future crime and to punish appellant, (2) consecutive sentences are not disproportionate to the seriousness of the appellant's conduct and to the danger appellant poses to the public, and (3) two of the three listed "circumstances" (even though only one is necessary),

i.e., appellant's offenses were committed as part of a course of conduct, and the harm caused by the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of appellant's conduct, and appellant had a history of criminal conduct. *Cottrill*, at ¶ 14.

**{¶17}** The record reflects that appellant and a co-defendant transported a significant amount of stolen tools and equipment ("property") from a local company to the co-defendant's home and to a storage locker. The theft of the property prevented the company from conducting business for a period of time. Appellant compounded this offense by trying to bribe his sister to not show up as a witness for the state at his trial for receiving stolen property.

**{¶18}** Additionally, appellant has an extensive criminal history ranging from a minor traffic offense to aggravated possession of drugs, a felony offense, that has occurred over an 11-year period. He also scored a 31 on the Ohio Risk Assessment System "indicating a high risk of reoffending." Finally, the record does not reflect that appellant has shown any remorse. These facts support the trial court's "findings" infra that consecutive sentences are necessary to protect the public from future crime, to punish appellant, and that consecutive sentences are not disproportionate to the seriousness of his offenses. *See generally Cottrill*, 4th Dist. Ross No. 20CA3704, 2020-Ohio-7033, ¶ 14; R.C. 2929.14(C)(4)).

**{¶19}** The record further supports two of the three "circumstances" listed in R.C. 2929.14(C)(4), even though only one of the three is required to support consecutive sentences. *Id.*

**{¶20}** Appellant not only committed the offense of receiving stolen property, but then compounded that wrong by attempting to bribe his sister to not testify for the state at his trial. As the trial court concluded, the appellant's offenses of receiving stolen property and bribery were a course of conduct of dishonesty with the bribery charge being a "deceitful" attempt to undermine the "American system of justice." These facts arguably support the second circumstance in R.C. 2929.14(C)(4)(b), i.e., a course of conduct that causes a harm so great consecutive sentences are necessary.

**{¶21}** Moreover, as we mentioned infra the appellant has an extensive and lengthy criminal history that ranged from traffic citations to a felony drug offense. He has also admitted to illegal drug abuse involving methamphetamine, marijuana, oxycontin, benzodiazepines, heroin, cocaine, buprenorphine, and fentanyl. And while appellant has participated in substance abuse counseling, he failed to successfully complete the program because he did not meet the completion requirements. This criminal history supports the third circumstance in R.C. 2929.14(C)(4)(c), i.e., appellant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶22}** We "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds, by clear and

convincing evidence, that the record does not support the sentence." *Walker*, 4th Dist. Gallia No. 19CA1, 2020-Ohio-617, ¶ 19.  And based on our review of this record, as set out above, we are not clearly and convincingly persuaded that the trial court's R.C. 2929.14(C)(4) findings are unsupported by the record.

## CONCLUSION

**{¶23}** Accordingly, we overrule appellant's sole assignment of error, and affirm the trial court's sentencing entry.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
          Kristy S. Wilkin, Judge

### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**